MAS-20030912
guen

Case 1:05-cv-11257-NG    Document 2    Filed 07/12/2005    Page 1 of 49

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

06/21/2005
02:38 PM

## SUCV2005-01670
## O'Donnell v Boggs et al

| File Date | 04/28/2005 | Status | Disposed: transferred to other court (dtrans) | | |
|---|---|---|---|---|---|
| Status Date | 06/21/2005 | Session | A - Civil A, 3 Pemberton Square, Boston | | |
| Origin | 1 | Case Type | B99 - Misc tort | | |
| Lead Case | | Track | F | | |

*J5cv11257N6*

| Service | 07/27/2005 | Answer | 09/25/2005 | Rule12/19/20 | 09/25/2005 |
|---|---|---|---|---|---|
| Rule 15 | 09/25/2005 | Discovery | 02/22/2006 | Rule 56 | 03/24/2006 |
| Final PTC | 04/23/2006 | Disposition | 06/22/2006 | Jury Trial | Yes |

**Plaintiff**
Paula O'Donnell
Active 04/28/2005

**Private Counsel 639166**
Scott E Adams
92 State Street
9th floor
Boston, MA 02109
Phone: 617-742-4554
Active 04/28/2005 Notify

**Defendant**
Donna Boggs
Answered: 06/14/2005
Answered 06/14/2005

**Private Counsel 519840**
Harvey Weiner
Peabody & Arnold
30 Rowes Wharf
6th floor
Boston, MA 02110-3342
Phone: 617-951-2100
Fax: 617-951-2125
Active 06/14/2005 Notify

**Private Counsel 655653**
Robert J O'Keefe
Vetter & White
20 Washington Pl
Providence, RI 02903
Phone: 401-421-3060
Active 06/21/2005 Notify

**Defendant**
Brendan Hall
Answered: 05/23/2005
Answered 05/23/2005

**Private Counsel 519840**
Harvey Weiner
Peabody & Arnold
30 Rowes Wharf
6th floor
Boston, MA 02110-3342
Phone: 617-951-2100
Fax: 617-951-2125
Active 05/23/2005 Notify

MAS-20030912

guen

Case 1:05-cv-11257-NG Document 2 Filed 07/12/2005 Page 2 of 49

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

06/21/2005
02:38 PM

## SUCV2005-01670
## O'Donnell v Boggs et al

|  | **Private Counsel 655653**<br>Robert J O'Keefe<br>Vetter & White<br>20 Washington Pl<br>Providence, RI 02903<br>Phone: 401-421-3060<br>Active 06/21/2005 Notify |

**Defendant**
William Francis
Answered: 05/23/2005
Answered 05/23/2005

**Private Counsel 519840**
Harvey Weiner
Peabody & Arnold
30 Rowes Wharf
6th floor
Boston, MA 02110-3342
Phone: 617-951-2100
Fax: 617-951-2125
Active 05/23/2005 Notify

**Private Counsel 655653**
Robert J O'Keefe
Vetter & White
20 Washington Pl
Providence, RI 02903
Phone: 401-421-3060
Active 06/21/2005 Notify

**Defendant**
Mary Lou Megan
Answered: 05/26/2005
Answered 05/26/2005

**Private Counsel 519840**
Harvey Weiner
Peabody & Arnold
30 Rowes Wharf
6th floor
Boston, MA 02110-3342
Phone: 617-951-2100
Fax: 617-951-2125
Active 06/01/2005 Notify

**Private Counsel 655653**
Robert J O'Keefe
Vetter & White
20 Washington Pl
Providence, RI 02903
Phone: 401-421-3060
Active 06/21/2005 Notify

MAS-20030912
guen

Case 1:05-cv-11257-NG  Document 2  Filed 07/12/2005  Page 3 of 49

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

06/21/2005
02:38 PM

# SUCV2005-01670
## O'Donnell v Boggs et al

**Defendant**
Bob Sylvester
Service pending 04/28/2005

**Private Counsel 519840**
Harvey Weiner
Peabody & Arnold
30 Rowes Wharf
6th floor
Boston, MA 02110-3342
Phone: 617-951-2100
Fax: 617-951-2125
Active 06/21/2005 Notify

**Defendant**
Marian Doucette
Answered: 05/26/2005
Answered 05/27/2005

*** See Attorney Information Above ***

**Private Counsel 655653**
Robert J O'Keefe
Vetter & White
20 Washington Pl
Providence, RI 02903
Phone: 401-421-3060
Active 06/21/2005 Notify

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 04/28/2005 | 1.0 | Complaint & jury demand |
| 04/28/2005 | | Origin 1, Type B99, Track F. |
| 04/28/2005 | 2.0 | Civil action cover sheet filed |
| 05/23/2005 | 3.0 | ANSWER: William Francis(Defendant) |
| 05/23/2005 | 4.0 | ANSWER: Brendan Hall(Defendant) |
| 05/26/2005 | 5.0 | ANSWER: Marian Doucette(Defendant) |
| 05/26/2005 | 6.0 | ANSWER: Mary Lou Megan(Defendant) |
| 06/14/2005 | 7.0 | ANSWER: Donna Boggs(Defendant) |
| 06/20/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. Donna Briggs, Brendan Hall, William Francis, Mary Lou Meighan and Marion Doucette U. S. Dist.#(05-11257-NG). |
| 06/21/2005 | | Case REMOVED this date to US District Court of Massachusetts |

I HEREBY ATTEST AND CERTIFY ON

JUNE 22, 2005, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:

ASSISTANT CLERK.

UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

## 05 11257 NG

PAULA O'DONNELL

Plaintiff

v.

DONNA BRIGGS, BRENDAN HALL,
WILLIAM FRANCIS, MARY LOU MEGAN,
and MARIAN DOUCETTE

Defendants

United States District Court

Civil Action No.

(Suffolk Superior Court
Civil Action No. _____

that the
foregoing document is a true and correct copy of the
electronic docket in the captioned case
electronically filed original filed on _____
original filed in my office on _____
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By: _____
Deputy Clerk

## NOTICE OF REMOVAL OF CIVIL ACTION

Please take notice that pursuant to 28 U.S.C. §1441 et al., defendants Donna Boggs,

Brendan Hall, William Francis, Mary Lou Meighan and Marion Doucette remove Civil Action

No. SUCV2005-1670-A entitled *Paula O'Donnell v. Donna Briggs, Brendan Hall, William

Francis, Mary Lou Megan and Marian Doucette*, currently pending in the Superior Court of

Suffolk County, Boston, Massachusetts to the United States District Court for the District of

Massachusetts. The grounds for this removal are as follows:

### BACKGROUND

1.    In this lawsuit, the plaintiff has filed a tort action against various members of the

Board of Directors and the former Manager/CEO of the Boston Globe Employees Credit Union

("Credit Union"). The plaintiff alleges that the defendants tortiously interfered with her

contractual relationship with the Credit Union.

2.    There is a collective bargaining agreement (CBA) between the Credit Union and

the Office and Professional Employees International Union, Local 6, AFL-CIO. Ms. O'Donnell

was the Shop Steward for Local 6 and signatory to the CBA during some of the relevant period. Defendants Hall and Doucette were also signatories to the agreement on behalf of the Credit Union.

3.      Section 301 of the Labor Management Relations Act (29 U.S.C. §185) provides for federal jurisdiction for all claims that implicate the CBA.

4.      Plaintiff's contractual relationship with the Credit Union is based on the CBA. A determination of whether the defendants tortiously interfered with this contractual relationship requires interpretation of the CBA. Plaintiff's claims are therefore subject to federal jurisdiction by their nature.

5.      Pursuant to 28 USC §1331 the District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

6.      Pursuant to 28 USC §1441(a) except as otherwise expressly provided by act of Congress, any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the District Court of the United States for the district and division embracing the place where such action is pending.

7.      The United States District Court for the District of Massachusetts is the District Court for the district and division embracing matters pending at the Superior Court of Suffolk County, Boston, Massachusetts.

8.      Diversity of citizenship is not a prerequisite, since this is a federal question.

9.      This is a federal question and, therefore, the amount in controversy is not an issue.

10.     This notice is being filed within 30 days of acceptance of service of plaintiff's complaint on June 10, 2005. The complaint was the initial pleading in this matter. The

2

acceptance of service of the complaint was the first receipt by the defendant of the initial pleading.

11. A true and correct copy of the summons and complaint served upon the defendant as of the time of the filing of this Notice of Removal is attached hereto as Exhibit 1 pursuant to 28 U.S.C. §1446(a).

12. True and correct copies of the Notice of Removal will be served upon plaintiff's counsel and filed with the Clerk of the Superior Court of Suffolk County, Boston, Massachusetts.

13. Within ten days after filing this Notice of Removal, defendants will file in this Court certified copies of all state court records and proceedings and a certified copy of all state court docket entries, including a copy of the notice of removal.

14. In filing the Petition for Removal and the accompanying Notice of Removal the defendant does not waive any of its defenses available in this action.

DONNA BRIGGS, BRENDAN HALL,
WILLIAM FRANCIS, MARY LOU
MEIGHAN and MARION DOUCETTE,

By their attorneys

Harvey Weiner, BBO#519840
Robert J. O'Keefe, BBO#655653
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

June 16, 2005

3

## CERTIFICATE OF SERVICE

I, Harvey Weiner, hereby certify this 16th day of June, 2005 that I served a copy of the foregoing document by first-class mail, postage prepaid upon all counsel of record:

Scott Adams, Esq.
92 State Street, 9th Floor
Boston, MA 02109

Harvey Weiner

PABOS2:ROKEEFE:615113_1

4

## COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT

**1**

**SUFFOLK, ss**

**SUPERIOR COURT**
**Docket No:**   05-1670  A

Paula O'Donnell,
    **Plaintiff,**

v.

Donna Boggs, Brendan Hall, William Francis,
Mary Lou Megan, Bob Sylvester, and Marian
Doucette
    **Defendants.**

**Complaint**
**and**
**Jury Demand**

**Parties:**

1.    Plaintiff Paula O'Donnell is an individual who resides at 18 Hill View Lane in Plymouth MA
      02360

2.    Defendant Marian Doucette is a Mass. resident whose address is currently unknown.

3.    Defendant Brendan Hall is a Mass. resident whose address is currently unknown.

4.    Defendant Donna Boggs is a Mass. resident whose address is currently unknown.

5.    Defendant William Francis is a Mass. resident whose address is currently unknown.

6.    Defendant Mary Lou Megan is a Mass. resident whose address is currently unknown.


**Facts:**

7.    Ms. O'Donnell began employment with the Boston Globe Employees Credit Union in 1974.
      She has also been a member of that credit union since her hiring.

8.    In early 1998 Ms. O'Donnell, then Head Teller, discovered fraud and embezzlement of credit
      union funds by the Manager/CEO Gene Farrell, Jr.   She reported this to the security
      department and to the Board of Directors ["Board."]. Following an investigation confirming
      Mr. Farrell's misconduct, he was terminated.

9.    Ms. O'Donnell's reporting of the fraud and embezzlement by Mr. Farrell engendered hostility
      and antagonism from certain members of the board, including Brendan Hall and Bob
      Sylvester.  Furthermore, other members of the Board acted negatively to Ms. O'Donnell, and
      behaved toward her in a manner unusual and not previously experienced.

10.   In December 1998 Marion Doucette was appointed to the vacant position of Manager/CEO.

11.    In March of 1999 Ms. O'Donnell was appointed to the position of Bookkeeper, and in October of 2000 she was appointed to the position of Systems Manager.

12.    In November of 2000 Ms. Doucettee hired her daughter Linda Doucette for the position of Bookkeeper. Ms. Doucette misrepresented her daughter's qualifications for the job in order to have her hired when she was otherwise not sufficiently qualified, and then arranged to have her daughter paid $10 more per week than the union compensation schedule allowed. The previously terminated Manager/CEO, Mr. Farrell, had also arranged to have his relatives hired and paid more than the union contract allowed—a fact that was known to Ms. Doucette.

13.    Ms. O'Donnell complained to Ms. Doucette regarding the improper hiring and compensation of her daughter Linda, and also brought the issue to the attention of the Board.

14.    Soon afterward Ms. Doucette began a course of retaliation, intimidation and interference directed at Ms. O'Donnell. She began to verbally harass and intimidate Ms. O'Donnell, obstructed performance of her duties, and prevented her from fully participating in managerial tasks that would allow her to maintain or advance her position in the Credit Union.

15.    While Ms. Doucettte's daughter Linda was bookkeeper she bounced over 100 checks on her personal credit union account. These checks were processed and paid even though Linda had no funds to cover the checks. This was contrary to credit union procedure, policy and regulation but approved and directed by Ms. Doucette. Ms. O'Donnell learned of this and complained to Ms. Doucette and reported the matter to the Board. Neither Ms. Doucette or the Board took appropriate actions consistent with credit union procedure and policy, which would normally require suspension of Linda's employment and account privileges.

16.    After Ms. O'Donnell's complaints and reports of these incidents, Ms. Doucette's conduct towards her became more abusive and threatening, and the Board's inaction and willful blindness towards the incidents and the retaliation became more notable.

17.    On or about November 15, 2002 Linda deliberately manipulated the accounting system and overrode security procedures in order to clear a personal check when there were insufficient funds to cover it. This misconduct was discovered by another credit union employee and reported to Ms. O'Donnell, and then reported to the Board.

18.    Ms. Doucette's conduct towards Ms. O'Donnell became more abusive and threatening, and the Board's inaction and support for Ms. Doucette continued.

19.    During January of 2003 Ms. O'Donnell began investigating un-posted ATM /Debit-Card transactions that Ms. Doucette's daughter Linda was responsible for but had failed to register. Ms. O'Donnell discovered that Linda was manipulating the clearing account and falsifying financial records in order to fraudulently obtain funds. This was again reported to Ms. Doucette, and then to the Board. This matter was investigated and Linda was terminated in February 2003.

2

20.    Upon information and belief this matter was reported to the Board of Banking by individuals unknown. A Board Member, William Francis and Donna Boggs responded to this situation by blaming Ms. O'Donnell in a hostile and antagonistic manner for reporting the incident.

21.    On or about April 4, 2003 Ms. O'Donnell discovered that she had been locked out of the computer system through manipulation of certain security measures, and could no longer monitor Linda Doucette's still active credit union account. In fact, Linda was continuing to write bad checks and the lockout had been put in place by Ms. Doucette to prevent Ms. O'Donnell from auditing her daughter's account and learning this fact. This matter was brought to the Board's attention by Ms. O'Donnell but she was discouraged by board member Donna Boggs from pursuing the matter. In fact, Ms. Boggs ordered Ms. O'Donnell to clear certain overdrawn checks submitted by Linda, even though to do so was contrary to credit union procedure, policy and regulation.

22.    From shortly after Ms. O'Donnell's initial complaints and reporting of the improper hiring and compensation of Ms. Doucettes's daughter Linda, Ms. Doucette engaged in an escalating course of retaliation, intimidation, and interference, including daily verbal abuse, almost weekly acts of physical violence leading to a reasonable fear for personal safety, and weekly interference with the performance of Ms. O'Donnell's duties, etc. This continued, escalating conduct, which was intentional on the part of Ms. Doucette, and negligently or intentionally allowed to continue by the Board, resulted in both actual physical and emotional injury to Ms. O'Donnell and such a hostile, unsafe work environment that, upon prudent medical advice, she could not continue to work for the credit union and had to take a leave of absence from August 15, 2003.

23.    Following Ms. O'Donnell's complaints to the Board regarding (i) Ms. Doucettes actions in allowing and protecting her daughter Linda from the consequences of her misconduct, and (ii) Ms. Doucette's retaliation and interference directed at Ms. O'Donnell, the Board and its individual members had actual knowledge of the misconduct, the retaliation, and the interference in consequence of Ms. O'Donnell's written and oral complaints to the Board, and through various Union grievance procedures. The Board exhibiting willful blindness, intentionally and wrongfully refused to take reasonable and possible actions to fully protect the interests of the credit union and its members, and the interests of Ms. O'Donnell in having a safe, secure and non-hostile work environment. In fact, the Board and particular Board members, intended to and did, by act and omission, attempt to make Ms. O'Donnell's employment situation so hostile that she would either leave employment or act in derogation of her duties. In fact, the Board's failure to take any remedial action, and its unwavering support of Ms. Docuette created a situation in which they prevented Ms. O'Donnell from carrying out her duties and resulted in a constructive discharge.

24.    Following Ms. O'Donnell's absence from work, she attempted through the Board, to correct the situation and return to work but the Board, including members Donna Boggs, Brendan Hall, William Francis, and Mary Lou Megan continued to refuse to acknowledge the problem

3

and take any action to cure or mitigate the abusive, dangerous and hostile environment, and did so in retaliation for Ms. O'Donnell's conduct in complaining of and reporting improper conduct at the Credit Union. The Board eventually terminated Ms. O'Donnell. Eventually the Board finally took belated steps to remove Ms. Doucette from her employment.

### Count 1: Tortious Interference with Contractual Relations by Marian Doucette

25.    Plaintiff repeats the allegations set forth elsewhere in this complaint.

26.    Plaintiff had an ongoing employment relationship with the credit union, with reasonable expectation of continuing and prospective employment. Defendant Marian Doucette was at all times aware of this.

27.    Defendant Marian Doucette knowingly acted in such a manner so as to cause Plaintiff to be unable to perform her required duties for the credit union, and induced the credit union to terminate Plaintiff's employment relationship.

28.    Defendant Marian Doucette acted out of improper motive, for self-gain and in retaliation for Plaintiff's complaints and reporting of improper conduct, which Plaintiff had a duty to do.

29.    Defendant Marian Doucette's wrongful conduct has caused Plaintiff injury through the loss of employment, and damaged her in an amount that cannot as yet be accurately determined.

### Count 2: Tortioius Interference with Contractual Relations by Various Board Members

30.    Plaintiff repeats the allegations set forth elsewhere in this complaint.

31.    Plaintiff had an ongoing employment relationship with the credit union, with reasonable expectation of continuing and prospective employment. Defendants Donna Boggs, Brendan Hall, William Francis, and Mary Lou Megan were at all times aware of this.

32.    Defendants Donna Boggs, Brendan Hall, William Francis, and Mary Lou Megan knowingly acted in such a manner so as to cause Plaintiff to be unable to perform her required duties for the credit union, and induced the credit union to terminate Plaintiff's employment relationship.

33.    Defendants Donna Boggs, Brendan Hall, William Francis, and Mary Lou Megan acted out of improper motive, for self-gain and in retaliation for Plaintiff's complaints and reporting of improper conduct, which Plaintiff had a duty to do.

34.    Defendants Donna Boggs, Brendan Hall, William Francis, and Mary Lou Megan's wrongful conduct has caused Plaintiff injury through the loss of employment, and damaged her in an amount that cannot as yet be accurately determined.

4

## Prayer for Relief

Wherefore, the Plaintiff respectfully request that this Honorable Court:

1.  Order judgment in Plaintiff's favor against Defendants in such amount as will compensate Plaintiff fully for all injuries and damages, including costs, and pre- and post-judgment interest as allowed;

2.  Order such further relief as this Court deems fair and just.

## Jury Demand

Plaintiff requests a trial by jury of all issues so triable.

Respectfully submitted for Plaintiff,
By his attorney,

dated: 4/28 , 2005

Scott Adams (BBO# 639166)
92 State St., 9th Flr.
Boston, MA 02109
Tel: (617) 742-4554

I HEREBY ATTEST AND CERTIFY ON

JUNE 22, 2005 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

5

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| PAULA O'DONNELL | DONNA BOGGS, BRENDAN HALL, WILLIAM FRANCIS, MARY LOU MEGAN, MARIAN DOUCETT |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE  617-742-4554 | ATTORNEY (if known) |
|---|---|
| SCOTT ADAMS   92 STATE ST, FL 9   BOSTON, MA  02109   Board of Bar Overseers number:  639166 | |

## Origin code and track designation

Place an x in one box only:
- [ ] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify)    TRACK | IS THIS A JURY CASE? |
|---|---|---|
| B99 | INTERFERENCE W CONTRACT (F) | ( ✓ ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ..................................... $ ...............
2. Total Doctor expenses ...................................... $ ...............
3. Total chiropractic expenses ...............................
4. Total physical therapy expenses ..........................
5. Total other expenses (describe) ..........................

Subtotal

B. Documented lost wages and compensation to date ..... UNKNOWN BUT AT LEAST 30,000
C. Documented property damages to date .......................................
D. Reasonably anticipated future medical and hospital expenses .....................
E. Reasonably anticipated lost wages ...........................................
F. Other documented items of damages (describe) ...........................  $ .30,000

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ ...............
TOTAL $ .. 30,000 ...
AT LEAST

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record    Scott Adams    DATE: 4/28/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

JUNE 22, 2005 , THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

**3**

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 05-1670 A

PAULA O'DONNELL

Plaintiff

v.

DONNA BOGGS, BRENDAN HALL,
WILLIAM FRANCIS, MARY LOU MEGAN,
BOB SYLVESTER, AND MARIAN
DOUCETTE

Defendants

## ANSWER OF DEFENDANT WILLIAM FRANCIS

1.   This Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2.   This Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.   This Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.   This Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.   This Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.   This Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.   This Defendant has no knowledge of the allegations contained in Paragraph 7 of

the Complaint.

8.   This Defendant has no knowledge of the allegations contained in Paragraph 8 of

the Complaint.

9.     This Defendant has no knowledge of the allegations contained in Paragraph 9 of the Complaint.

10.     This Defendant has no knowledge of the allegations contained in Paragraph 10 of the Complaint.

11.     This Defendant has no knowledge of the allegations contained in Paragraph 11, except that this Defendant admits that at some point Plaintiff was appointed to the position of Systems Manager.

12.     This Defendant admits the allegation contained in the first sentence of Paragraph 12 that in 2000, Ms. Doucette, with the consent of the Board, hired her daughter, Linda Doucette, for the position of Bookkeeper. This Defendant denies the allegations contained in the second sentence that Linda Doucette's qualifications were misrepresented, that she was otherwise not sufficiently qualified, or that the union compensation schedule did not allow a starting salary in excess of the minimum. Defendant has no knowledge of the allegations contained in the third sentence of Paragraph 12 of the Complaint.

13.     This Defendant has no knowledge as to whether Plaintiff complained to Marion Doucette regarding the hiring and compensation of Linda Doucette and denies that Plaintiff brought the issue to the attention of the Board, and adds that Plaintiff's usual procedure would be to talk to an individual Board member not at a Board meeting.

14.     This Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     This Defendant admits the allegation contained in the first sentence of Paragraph 15 of the Complaint, except that, on information and belief, the number of checks bounced was 21. This Defendant has no knowledge as to the allegations contained in the second sentence of

2

Paragraph 15 of the Complaint. This Defendant denies the allegations contained in sentences three and five of Paragraph 15 of the Complaint. This Defendant has no knowledge of the allegations contained in the fourth sentence of Paragraph 15 of the Complaint that Plaintiff learned of this and complained to Marion Doucette, but denies that Plaintiff reported the matter to the Board and adds that Plaintiff's usual procedure would be to talk to an individual Board member not at a Board meeting.

16.    This Defendant denies the allegations contained in Paragraph 16 of the Complaint, including the allegations that Marion Doucette's conduct towards Plaintiff was abusive or threatening or that the Board acted inappropriately.

17.    This Defendant admits the allegation contained in the first sentence of Paragraph 17 that on November 15, 2002 there was an overdraft, but he has no knowledge of the remainder of the allegations contained in the first and second sentence of Paragraph 17, except that he admits the Board eventually became aware of the overdraft.

18.    This Defendant denies the allegations contained in Paragraph 18 of the Complaint, including the allegations that Marion Doucette's behavior was abusive or threatening or that the Board acted inappropriately.

19.    This Defendant has no knowledge of the allegations contained in the first and second sentences of Paragraph 19 of the Complaint, except that this Defendant admits that certain matters were reported to the Board. This Defendant admits the allegations contained in the third sentence of Paragraph 19 of the Complaint that Linda Doucette situation was investigated and that Linda Doucette resigned in February, 2003.

3

20.     This Defendant has no knowledge of the allegations contained in the first sentence of Paragraph 20 of the Complaint. This Defendant denies the allegations contained in the second sentence of Paragraph 20 of the Complaint.

21.     This Defendant has no knowledge as to the allegations contained in Paragraph 21 of the Complaint, except that this Defendant denies that Plaintiff brought the Linda Doucette matter before the Board, although she may have talked to one or more individual Board members about this.

22.     This Defendant denies the allegations contained in Paragraph 22 of the Complaint, including the allegations that Plaintiff took a leave of absence.

23.     This Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     This Defendant denies the allegations contained in Paragraph 24 of the Complaint, except that this Defendant says that Marion Doucette retired from her employment at the Credit Union as of July 2, 2004.

## COUNT I

25.     These allegations do not relate to this Defendant and therefore do not require a response.

26.     These allegations do not relate to this Defendant and therefore do not require a response.

27.     These allegations do not relate to this Defendant and therefore do not require a response.

28.     These allegations do not relate to this Defendant and therefore do not require a response.

4

29.     These allegations do not relate to this Defendant and therefore do not require a response.

## COUNT II

30.     This Defendant realleges herein his answers to the prior paragraphs of the Complaint.

31.     This Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     This Defendant denies the allegations contained in Paragraph 32 of the Complaint, except that this Defendant admits that the Credit Union terminated Plaintiff's employment relationship with the Credit Union.

33.     This Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     This Defendant denies the allegations contained in Paragraph 34 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The causes of action contained in this Complaint are preempted under federal law.  Labor Management Relations Act of 1947 §301, 29 U.S.C.A. §185.

### SECOND AFFIRMATIVE DEFENSE

The Complaint must be dismissed for failure to exhaust the remedies in the collective bargaining agreement.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief may be granted.

5

## FOURTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff against this Defendant are barred in whole or in part by the appropriate Statute of Limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because this Defendant was not motivated by actual malice or improper means or motive.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because this Defendant was justified in so acting under the appropriate privilege.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant says that the acts complained of were not committed by a person for whose conduct this Defendant was legally responsible.

## EIGHTH AFFIRMATIVE DEFENSE

This Defendant did not proximately cause the Plaintiff's alleged damages and injuries and, therefore, the Plaintiff is not entitled to recover against this Defendant.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged damages and injuries were caused wholly or in part because of her own comparative negligence and, therefore, the Plaintiff's claims are barred against this Defendant.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred in whole or in part by the exclusivity of the Workers Compensation Law.

6

WILLIAM FRANCIS
By his attorneys,

Harvey Weiner, BBO #519840
PEABODY & ARNOLD LLP
30 Rowes Wharf, 6th Floor
Boston, MA 02110
617-951-4710

## CERTIFICATE OF SERVICE

I, Harvey Weiner, hereby certify that I have this _20th_ day of May, 2005, served a copy of the foregoing upon the Plaintiff via hand delivery to Scott Adams, 92 State Street, 9th Floor, Boston, MA 02109.

Harvey Weiner

PABOS2:HWEINER:614884_1
9999-99999

I HEREBY ATTEST AND CERTIFY ON

JUNE 22, 2005 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
By

ASSISTANT   CLERK.

7

## COMMONWEALTH OF MASSACHUSETTS
### TRIAL COURT

4

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 05-1670 A

PAULA O'DONNELL

Plaintiff

v.

DONNA BOGGS, BRENDAN HALL,
WILLIAM FRANCIS, MARY LOU MEGAN,
BOB SYLVESTER, AND MARIAN
DOUCETTE

Defendants

### ANSWER OF DEFENDANT BRENDAN HALL

1.    This Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2.    This Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.    This Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.    This Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.    This Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.    This Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.    This Defendant has no knowledge of the allegations contained in Paragraph 7 of

the Complaint.

8.    This Defendant admits the allegations contained in Paragraph 8 of the Complaint,

except that he believes that another may have also discovered and reported the situation.

9.    This Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.    This Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.    This Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.    This Defendant admits the allegation contained in the first sentence of Paragraph 12 that in 2000, Ms. Doucette, with the consent of the Board, hired her daughter, Linda Doucette, for the position of Bookkeeper. This Defendant denies the allegations contained in the second sentence that Linda Doucette's qualifications were misrepresented, that she was otherwise not sufficiently qualified, or that the union compensation schedule did not allow a starting salary in excess of the minimum. Defendant admits the allegations contained in the third sentence of Paragraph 12 of the Complaint, except that he denies that the compensation was more than the union contract allowed and has no knowledge as to whether this was known to Marion Doucette.

13.    This Defendant has no knowledge as to whether Plaintiff complained to Marion Doucette regarding the hiring and compensation of Linda Doucette and denies that Plaintiff brought the issue to the attention of the Board, and adds that Plaintiff's usual procedure would be to talk to an individual Board member not at a Board meeting.

14.    This Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.    This Defendant admits the allegation contained in the first sentence of Paragraph 15 of the Complaint, except that, on information and belief, the number of checks bounced was 21. This Defendant has no knowledge as to the allegations contained in the second sentence of Paragraph 15 of the Complaint. This Defendant denies the allegations contained in sentences three and five of Paragraph 15 of the Complaint. This Defendant has no knowledge of the

2

allegations contained in the fourth sentence of Paragraph 15 of the Complaint that Plaintiff
learned of this and complained to Marion Doucette, but denies that Plaintiff reported the matter
to the Board and adds that Plaintiff's usual procedure would be to talk to an individual Board
member not at a Board meeting.

16.    This Defendant denies the allegations contained in Paragraph 16 of the
Complaint, including the allegations that Marion Doucette's conduct towards Plaintiff was
abusive or threatening or that the Board acted inappropriately.

17.    This Defendant admits the allegation contained in the first sentence of Paragraph
17 that on November 15, 2002 there was an overdraft, but he has no knowledge of the remainder
of the allegations contained in the first and second sentence of Paragraph 17, except that he
admits the Board eventually became aware of the overdraft.

18.    This Defendant denies the allegations contained in Paragraph 18 of the
Complaint, including the allegations that Marion Doucette's behavior was abusive or threatening
or that the Board acted inappropriately.

19.    This Defendant has no knowledge of the allegations contained in the first and
second sentences of Paragraph 19 of the Complaint, except that this Defendant admits that
certain matters were reported to the Board.  This Defendant admits the allegations contained in
the third sentence of Paragraph 19 of the Complaint that Linda Doucette situation was
investigated and that Linda Doucette resigned in February, 2003.

20.    This Defendant has no knowledge of the allegations contained in Paragraph 20 of
the Complaint.

21.    This Defendant has no knowledge as to the allegations contained in Paragraph 21
of the Complaint, except that this Defendant denies that Plaintiff brought the Linda Doucette

3

matter before the Board, although she may have talked to one or more individual Board members about this.

22.     This Defendant denies the allegations contained in Paragraph 22 of the Complaint, including the allegations that Plaintiff took a leave of absence.

23.     This Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     This Defendant denies the allegations contained in Paragraph 24 of the Complaint, except that this Defendant says that Marion Doucette retired from her employment at the Credit Union as of July 2, 2004.

## COUNT I

25.     These allegations do not relate to this Defendant and therefore do not require a response.

26.     These allegations do not relate to this Defendant and therefore do not require a response.

27.     These allegations do not relate to this Defendant and therefore do not require a response.

28.     These allegations do not relate to this Defendant and therefore do not require a response.

29.     These allegations do not relate to this Defendant and therefore do not require a response.

## COUNT II

30.     This Defendant realleges herein his answers to the prior paragraphs of the Complaint.

4

31.     This Defendant denies the allegations contained in Paragraph 31 of the

Complaint.

32.     This Defendant denies the allegations contained in Paragraph 32 of the

Complaint, except that this Defendant admits that the Credit Union terminated Plaintiff's

employment relationship with the Credit Union.

33.     This Defendant denies the allegations contained in Paragraph 33 of the

Complaint.

34.     This Defendant denies the allegations contained in Paragraph 34 of the

Complaint.

## FIRST AFFIRMATIVE DEFENSE

The causes of action contained in this Complaint are preempted under federal law. Labor

Management Relations Act of 1947 §301, 29 U.S.C.A. §185.

## SECOND AFFIRMATIVE DEFENSE

The Complaint must be dismissed for failure to exhaust the remedies in the collective

bargaining agreement.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief may be

granted.

## FOURTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff against this Defendant are barred in whole or in part by the

appropriate Statute of Limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because this Defendant was not motivated by actual

malice or improper means or motive.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because this Defendant was justified in so acting under the appropriate privilege.

### SEVENTH AFFIRMATIVE DEFENSE

This Defendant says that the acts complained of were not committed by a person for whose conduct this Defendant was legally responsible.

### EIGHTH AFFIRMATIVE DEFENSE

This Defendant did not proximately cause the Plaintiff's alleged damages and injuries and, therefore, the Plaintiff is not entitled to recover against this Defendant.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged damages and injuries were caused wholly or in part because of her own comparative negligence and, therefore, the Plaintiff's claims are barred against this Defendant.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred in whole or in part by the exclusivity of the Workers Compensation Law.

BRENDAN HALL
By his attorneys,

Harvey Weiner, BBO #519840
PEABODY & ARNOLD LLP
30 Rowes Wharf, 6th Floor
Boston, MA  02110
617-951-4710

I HEREBY ATTEST AND CERTIFY ON
JUNE 22, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

6

## **CERTIFICATE OF SERVICE**

I, Harvey Weiner, hereby certify that I have this $26^{74}$ day of May, 2005, served a copy of the foregoing upon the Plaintiff via hand delivery to Scott Adams, 92 State Street, 9th Floor, Boston, MA 02109.

Harvey Weiner

PABOS2:HWEINER:614884_1
9999-99999

7

**5**

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 05-1670 A

PAULA O'DONNELL

Plaintiff

v.

DONNA BOGGS, BRENDAN HALL,
WILLIAM FRANCIS, MARY LOU MEGAN,
BOB SYLVESTER, AND MARIAN
DOUCETTE

Defendants

## ANSWER OF DEFENDANT MARION DOUCETTE

1.    This Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2.    This Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.    This Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.    This Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.    This Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.    This Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.    This Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.    This Defendant admits the allegations contained in Paragraph 8 of the Complaint, except that she says that she first discovered the situation.

9.    This Defendant has no knowledge of the allegations contained in Paragraph 9 of the Complaint.

10.   This Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.   This Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.   This Defendant admits the allegation contained in the first sentence of Paragraph 12 that in 2000, this Defendant, with the consent of the Board, hired her daughter, Linda Doucette, for the position of Bookkeeper. This Defendant denies the allegations contained in the second sentence that Linda Doucette's qualifications were misrepresented, that she was otherwise not sufficiently qualified, or that the union compensation schedule did not allow a starting salary in excess of the minimum. Defendant admits the allegations contained in the third sentence of Paragraph 12 of the Complaint, except that she denies that the compensation was more than the union contract allowed.

13.   This Defendant denies that Plaintiff complained to her regarding the hiring of Linda Doucette, but admits that she complained to her about the compensation of Linda Doucette. This Defendant denies that Plaintiff brought the issue to the attention of the Board, and adds that Plaintiff's usual procedure would be to talk to an individual Board member not at a Board meeting.

14.   This Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.   This Defendant admits the allegation contained in the first sentence of Paragraph 15 of the Complaint, except that, on information and belief, the number of checks bounced was 21. This Defendant has no knowledge as to the allegations contained in the second sentence of Paragraph 15 of the Complaint. This Defendant denies the allegations contained in sentences

2

three and five of Paragraph 15 of the Complaint. This Defendant admits the allegations contained in the fourth sentence of Paragraph 15 of the Complaint that Plaintiff learned of this and complained to this Defendant, but denies that Plaintiff reported the matter to the Board and adds that Plaintiff's usual procedure would be to talk to an individual Board member not at a Board meeting.

16.    This Defendant denies the allegations contained in Paragraph 16 of the Complaint, including the allegations that this Defendant's conduct towards Plaintiff was abusive or threatening or that the Board acted inappropriately.

17.    This Defendant admits the allegation contained in the first sentence of Paragraph 17 that on November 15, 2002 there was an overdraft, but she has no knowledge of the remainder of the allegations contained in the first and second sentence of Paragraph 17, except that she admits the Board eventually became aware of the overdraft.

18.    This Defendant denies the allegations contained in Paragraph 18 of the Complaint, including the allegations that this Defendant's behavior was abusive or threatening or that the Board acted inappropriately.

19.    This Defendant has no knowledge of the allegations contained in the first and second sentences of Paragraph 19 of the Complaint, except that this Defendant admits that certain matters were reported to her and to the Board. This Defendant admits the allegations contained in the third sentence of Paragraph 19 of the Complaint that Linda Doucette situation was investigated and that Linda Doucette resigned in February, 2003.

20.    This Defendant has no knowledge of the allegations contained in Paragraph 20 of the Complaint.

3

21.     This Defendant admits the allegations contained in the first and second sentences of Paragraph 21 of the Complaint, except that this Defendant denies that Plaintiff brought the Linda Doucette matter before the Board, although she may have talked to one or more individual Board members about this. This Defendant has no knowledge of the allegations contained in the third and fourth sentence of Paragraph 21 of the Complaint.

22.     This Defendant denies the allegations contained in Paragraph 22 of the Complaint, including the allegations that Plaintiff took a leave of absence.

23.     This Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     This Defendant denies the allegations contained in Paragraph 24 of the Complaint, except that this Defendant says that she retired from her employment at the Credit Union as of July 2, 2004.

## COUNT I

25.     This Defendant realleges herein her answers to the prior paragraphs of the Complaint.

26.     This Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     This Defendant denies the allegations contained in Paragraph 27 of the Complaint, except that this Defendant admits that the Credit Union terminated Plaintiff's employment relationship with the Credit Union.

28.     This Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     This Defendant denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT II

30.     These allegations do not relate to this Defendant and therefore do not require a response.

31.     These allegations do not relate to this Defendant and therefore do not require a response.

32.     These allegations do not relate to this Defendant and therefore do not require a response.

33.     These allegations do not relate to this Defendant and therefore do not require a response.

34.     These allegations do not relate to this Defendant and therefore do not require a response.

### FIRST AFFIRMATIVE DEFENSE

The causes of action contained in this Complaint are preempted under federal law.  Labor Management Relations Act of 1947 §301, 29 U.S.C.A. §185.

### SECOND AFFIRMATIVE DEFENSE

The Complaint must be dismissed for failure to exhaust the remedies in the collective bargaining agreement.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff against this Defendant are barred in whole or in part by the appropriate Statute of Limitations.

5

## FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because this Defendant was not motivated by actual malice or improper means or motive.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because this Defendant was justified in so acting under the appropriate privilege.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant says that the acts complained of were not committed by a person for whose conduct this Defendant was legally responsible.

## EIGHTH AFFIRMATIVE DEFENSE

This Defendant did not proximately cause the Plaintiff's alleged damages and injuries and, therefore, the Plaintiff is not entitled to recover against this Defendant.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged damages and injuries were caused wholly or in part because of her own comparative negligence and, therefore, the Plaintiff's claims are barred against this Defendant.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred in whole or in part by the exclusivity of the Workers Compensation Law.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred in whole or in part by the fellow servant doctrine.

MARION DOUCETTE
By her attorneys,

Harvey Weiner, BBO #519840
PEABODY & ARNOLD LLP
30 Rowes Wharf, 6th Floor
Boston, MA 02110
617-951-4710

## CERTIFICATE OF SERVICE

I, Harvey Weiner, hereby certify that I have this 25TH day of May, 2005, served a copy of the foregoing upon the Plaintiff by mailing same postage prepaid to Scott Adams, 92 State Street, 9th Floor, Boston, MA 02109.

Harvey Weiner

PABOS2:HWEINER:614890_1
9999-99999

I HEREBY ATTEST AND CERTIFY ON

JUNE 22, 2005, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT   CLERK.

7

6

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO. 05-1670 A

PAULA O'DONNELL

              Plaintiff

v.                                              .

DONNA BOGGS, BRENDAN HALL,
WILLIAM FRANCIS, MARY LOU MEGAN,
BOB SYLVESTER, AND MARIAN
DOUCETTE

              Defendants

## ANSWER OF DEFENDANT MARY LOU MEIGHAN

1.    This Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2.    This Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.    This Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.    This Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.    This Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.    This Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.    This Defendant has no knowledge of the allegations contained in Paragraph 7 of

the Complaint.

8.    This Defendant has no knowledge of the allegations contained in Paragraph 8 of

the Complaint.

9.    This Defendant has no knowledge of the allegations contained in Paragraph 9 of the Complaint.

10.    This Defendant has no knowledge of the allegations contained in Paragraph 10 of the Complaint.

11.    This Defendant has no knowledge of the allegations contained in Paragraph 11 of the Complaint, except that this Defendant admits that Plaintiff was Systems Manager, when this Defendant became a member of the Board of Director.

12.    This Defendant has no knowledge of the allegations contained in Paragraph 12 of the Complaint.

13.    This Defendant has no knowledge of the allegations contained in Paragraph 13 of the Complaint.

14.    This Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.    This Defendant admits the allegation contained in the first sentence of Paragraph 15 of the Complaint, except that, on information and belief, the number of checks bounced was 21. This Defendant has no knowledge as to the allegations contained in the second sentence of Paragraph 15 of the Complaint. This Defendant denies the allegations contained in sentences three and five of Paragraph 15 of the Complaint. This Defendant has no knowledge of the allegations contained in the fourth sentence of Paragraph 15 of the Complaint that Plaintiff learned of this and complained to Marion Doucette, but denies that Plaintiff reported the matter to the Board and adds that Plaintiff's usual procedure would be to talk to an individual Board member not at a Board meeting.

2

16.    This Defendant denies the allegations contained in Paragraph 16 of the Complaint, including the allegations that Marion Doucette's conduct towards Plaintiff was abusive or threatening or that the Board acted inappropriately.

17.    This Defendant admits the allegation contained in the first sentence of Paragraph 17 that on November 15, 2002 there was an overdraft, but she has no knowledge of the remainder of the allegations contained in the first and second sentence of Paragraph 17, except that she admits the Board eventually became aware of the overdraft through another Credit Union employee.

18.    This Defendant denies the allegations contained in Paragraph 18 of the Complaint, including the allegations that Marion Doucette's behavior was abusive or threatening or that the Board acted inappropriately.

19.    This Defendant has no knowledge of the allegations contained in the first and second sentences of Paragraph 19 of the Complaint, except that this Defendant admits that certain matters were reported to the Board by another Credit Union employee. This Defendant admits the allegations contained in the third sentence of Paragraph 19 of the Complaint that Linda Doucette situation was investigated and that Linda Doucette resigned in February, 2003.

20.    This Defendant has no knowledge of the allegations contained in Paragraph 20 the Complaint.

21.    This Defendant has no knowledge has to the allegations contained in Paragraph 21 of the Complaint, except that this Defendant denies that Plaintiff brought the Linda Doucette matter before the Board, although she may have talked to one or more individual Board members about this.

3

22.    This Defendant denies the allegations contained in Paragraph 22 of the Complaint, including the allegations that Plaintiff took a leave of absence.

23.    This Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.    This Defendant denies the allegations contained in Paragraph 24 of the Complaint, except that this Defendant says that Marion Doucette retired from her employment at the Credit Union on _____.

## COUNT I

25.    These allegations do not relate to this Defendant and therefore do not require a response.

26.    These allegations do not relate to this Defendant and therefore do not require a response.

27.    These allegations do not relate to this Defendant and therefore do not require a response.

28.    These allegations do not relate to this Defendant and therefore do not require a response.

29.    These allegations do not relate to this Defendant and therefore do not require a response.

## COUNT II

30.    This Defendant realleges herein her answers to the prior paragraphs of the Complaint.

31.    This Defendant denies the allegations contained in Paragraph 31 of the Complaint.

4

32.     This Defendant denies the allegations contained in Paragraph 32 of the

Complaint, except that this Defendant admits that the Credit Union terminated Plaintiff's

employment relationship with the Credit Union.

33.     This Defendant denies the allegations contained in Paragraph 33 of the

Complaint.

34.     This Defendant denies the allegations contained in Paragraph 34 of the

Complaint.

## FIRST AFFIRMATIVE DEFENSE

The causes of action contained in this Complaint are preempted under federal law. Labor

Management Relations Act of 1947 §301, 29 U.S.C.A. §185.

## SECOND AFFIRMATIVE DEFENSE

The Complaint must be dismissed for failure to exhaust the remedies in the collective

bargaining agreement.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief may be

granted.

## FOURTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff against this Defendant are barred in whole or in part by the

appropriate Statute of Limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because this Defendant was not motivated by actual

malice or improper means or motive.

5

## SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because this Defendant was justified in so acting

under the appropriate privilege.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant says that the acts complained of were not committed by a person for

whose conduct this Defendant was legally responsible.

## EIGHTH AFFIRMATIVE DEFENSE

This Defendant did not proximately cause the Plaintiff's alleged damages and injuries

and, therefore, the Plaintiff is not entitled to recover against this Defendant.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged damages and injuries were caused wholly or in part because of her

own comparative negligence and, therefore, the Plaintiff's claims are barred against this

Defendant.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred in whole or in part by the exclusivity of the Workers

Compensation Law.

**I HEREBY ATTEST AND CERTIFY ON**
JUNE 22, 2005 , THAT THE
**FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT,
DEPARTMENT OF THE TRIAL COURT**

BY

ASSISTANT CLERK.

MARY LOU MEIGHAN
By her attorneys,

Harvey Weiner, BBO #519840
PEABODY & ARNOLD LLP
30 Rowes Wharf, 6th Floor
Boston, MA 02110
617-951-4710

6

## CERTIFICATE OF SERVICE

I, Harvey Weiner, hereby certify that I have this 25th day of May, 2005, served a copy of the foregoing upon the Plaintiff by mailing same postage prepaid to Scott Adams, 92 State Street, 9[th] Floor, Boston, MA 02109.

Harvey Weiner

PABOS2:HWEINER:614887_1
9999-99999

7

**7**

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 05-1670 A

PAULA O'DONNELL

Plaintiff

v.

DONNA BOGGS, BRENDAN HALL,
WILLIAM FRANCIS, MARY LOU MEGAN,
BOB SYLVESTER, AND MARIAN
DOUCETTE

Defendants

## ANSWER OF DEFENDANT DONNA BOGGS

1. This Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. This Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. This Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. This Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. This Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. This Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. This Defendant has no knowledge of the allegations contained in Paragraph 7 of

the Complaint.

8. This Defendant has no knowledge of the allegations contained in Paragraph 8 of

the Complaint.

9.     This Defendant has no knowledge of the allegations contained in Paragraph 9 of the Complaint.

10.    This Defendant has no knowledge of the allegations contained in Paragraph 10 of the Complaint.

11.    This Defendant has no knowledge of the allegations contained in Paragraph 11, except that this Defendant admits that at some point Plaintiff was appointed to the position of Systems Manager.

12.    This Defendant admits the allegation contained in the first sentence of Paragraph 12 that in 2000, Ms. Doucette hired her daughter, Linda Doucette, for the position of Bookkeeper. This Defendant denies the allegations contained in the second sentence that Linda Doucette's qualifications were misrepresented, that she was otherwise not sufficiently qualified, or that the union compensation schedule did not allow a starting salary in excess of the minimum. Defendant has no knowledge of the allegations contained in the third sentence of Paragraph 12 of the Complaint.

13.    This Defendant has no knowledge as to whether Plaintiff complained to Marion Doucette regarding the hiring and compensation of Linda Doucette and denies that Plaintiff brought the issue to the attention of the Board, and adds that Plaintiff's usual procedure would be to talk to an individual Board member not at a Board meeting.

14.    This Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.    This Defendant admits the allegation contained in the first sentence of Paragraph 15 of the Complaint, except that, on information and belief, the number of checks bounced was 21. This Defendant has no knowledge as to the allegations contained in the second sentence of

2

Paragraph 15 of the Complaint. This Defendant denies the allegations contained in sentences three and five of Paragraph 15 of the Complaint. This Defendant has no knowledge of the allegations contained in the fourth sentence of Paragraph 15 of the Complaint that Plaintiff learned of this and complained to Marion Doucette, but denies that Plaintiff reported the matter to the Board and adds that Plaintiff's usual procedure would be to talk to an individual Board member not at a Board meeting.

16.    This Defendant denies the allegations contained in Paragraph 16 of the Complaint, including the allegations that Marion Doucette's conduct towards Plaintiff was abusive or threatening or that the Board acted inappropriately.

17.    This Defendant admits the allegation contained in the first sentence of Paragraph 17 that on November 15, 2002 there was an overdraft, but she has no knowledge of the remainder of the allegations contained in the first and second sentence of Paragraph 17, except that she admits the Board eventually became aware of the overdraft.

18.    This Defendant denies the allegations contained in Paragraph 18 of the Complaint, including the allegations that Marion Doucette's behavior was abusive or threatening or that the Board acted inappropriately.

19.    This Defendant has no knowledge of the allegations contained in the first and second sentences of Paragraph 19 of the Complaint, except that this Defendant admits that certain matters were reported to the Board. This Defendant admits the allegations contained in the third sentence of Paragraph 19 of the Complaint that Linda Doucette situation was investigated and that Linda Doucette resigned in February, 2003.

3

20.    This Defendant has no knowledge of the allegations contained in the first sentence of Paragraph 20 of the Complaint. This Defendant denies the allegations contained in the second sentence of Paragraph 20 of the Complaint.

21.    This Defendant has no knowledge has to the allegations contained in the first and second sentences of Paragraph 21 of the Complaint. This Defendant denies that Plaintiff brought the Linda Doucette matter before the Board, although she may have talked to one or more individual Board members about this. This Defendant admits that she said she would have the matter taken care of so that Plaintiff need not pursue it further, but she denies the remaining allegations contained in the last two sentences of Paragraph 21 of the Complaint.

22.    This Defendant denies the allegations contained in Paragraph 22 of the Complaint, including the allegations that Plaintiff took a leave of absence.

23.    This Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.    This Defendant denies the allegations contained in Paragraph 24 of the Complaint, except that this Defendant says that Marion Doucette retired from her employment at the Credit Union as of July 2, 2004.

## COUNT I

25.    These allegations do not relate to this Defendant and therefore do not require a response.

26.    These allegations do not relate to this Defendant and therefore do not require a response.

27.    These allegations do not relate to this Defendant and therefore do not require a response.

4

28.     These allegations do not relate to this Defendant and therefore do not require a

response.

29.     These allegations do not relate to this Defendant and therefore do not require a

response.

## COUNT II

30.     This Defendant realleges herein her answers to the prior paragraphs of the

Complaint.

31.     This Defendant denies the allegations contained in Paragraph 31 of the

Complaint.

32.     This Defendant denies the allegations contained in Paragraph 32 of the

Complaint, except that this Defendant admits that the Credit Union terminated Plaintiff's

employment relationship with the Credit Union.

33.     This Defendant denies the allegations contained in Paragraph 33 of the

Complaint.

34.     This Defendant denies the allegations contained in Paragraph 34 of the

Complaint.

### FIRST AFFIRMATIVE DEFENSE

The causes of action contained in this Complaint are preempted under federal law. Labor

Management Relations Act of 1947 §301, 29 U.S.C.A. §185.

### SECOND AFFIRMATIVE DEFENSE

The Complaint must be dismissed for failure to exhaust the remedies in the collective

bargaining agreement.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff against this Defendant are barred in whole or in part by the appropriate Statute of Limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because this Defendant was not motivated by actual malice or improper means or motive.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because this Defendant was justified in so acting under the appropriate privilege.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant says that the acts complained of were not committed by a person for whose conduct this Defendant was legally responsible.

## EIGHTH AFFIRMATIVE DEFENSE

This Defendant did not proximately cause the Plaintiff's alleged damages and injuries and, therefore, the Plaintiff is not entitled to recover against this Defendant.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged damages and injuries were caused wholly or in part because of her own comparative negligence and, therefore, the Plaintiff's claims are barred against this Defendant.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's claim is barred in whole or in part by the exclusivity of the Workers

Compensation Law.

DONNA BOGGS
By her Attorneys,

Harvey Weiner, BBO #519840
PEABODY & ARNOLD LLP
30 Rowes Wharf, 6th Floor
Boston, MA 02110
617-951-4710

I HEREBY ATTEST AND CERTIFY ON

JUNE 22, 2005
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY.

ASSISTANT CLERK.

7

## CERTIFICATE OF SERVICE

I, Harvey Weiner, hereby certify that I have this $3/h$ day of June, 2005, served a copy of the foregoing upon the Plaintiff by mailing same postage prepaid to Scott Adams, 92 State Street, 9th Floor, Boston, MA 02109.

Harvey Weiner

PABOS2:HWEINER:614770_1
9999-99999

8