UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA O'DONNELL<br><br>    Plaintiff<br><br>v.<br><br>DONNA BOGGS[*], BRENDAN HALL,<br>WILLIAM FRANCIS, MARY LOU MEGAN<br>and MARIAN DOUCETTE<br><br>    Defendants | Civil Action No. 05-11257-NG |

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

  Defendants Donna Boggs, Brendan Hall, William Francis, Mary Lou Meighan and Marion Doucette submit this Reply Memorandum in response to Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

  As a preliminary matter, Plaintiff has failed to create any dispute with respect to the material facts concerning the basis for preemption and dismissal under § 301. In fact, Plaintiff does not dispute any of the material facts offered by Defendants, which are deemed admitted for the purposes of considering Defendants' motion for summary judgment. *See* Plaintiff's Response to Defendants' Statement of Material Facts, and Further Material Facts in Support of Plaintiff's Opposition; Local Rule 56.1.

---

[*] Defendant Donna Boggs was incorrectly identified in Defendants' Notice of Removal as Donna Briggs.

Moreover, Plaintiff essentially concedes that her claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  According to Plaintiff, the sole remaining issue is whether her state law tort claims can now survive as claims under § 301.  In other words, Plaintiff now asks the Court to treat her state law tort claims as claims alleging a breach of the collective bargaining agreement ("CBA") pursuant to § 301.  This misstates the law of preemption under § 301.

Plaintiff's claims cannot reasonably be interpreted as § 301 claims.  Plaintiff cites to *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), as holding that a state law tort claim preempted by § 301 may be treated as a claim brought under § 301.  While *Lueck* does so hold, Plaintiff ignores the actual result of that case.  The Supreme Court noted that while Lueck's tort claims were rooted in contract and could have been pleaded as § 301 claims, the Court held that, "[t]his complaint should have been dismissed for failure to make use of the grievance procedure established in the collective bargaining agreement, *or dismissed as preempted by § 301*." [Citation omitted, emphasis supplied.]  *Lueck*, 471 U.S. at 220-221.

In this case, Plaintiff's choice of parties and cause of action was deliberate.  Plaintiff pursued her grievance against the Boston Globe Employees Credit Union ("Credit Union"), but the matter was dropped prior to arbitration.[1]  Plaintiff cannot assert a claim of intentional interference with contractual relations against the Credit Union itself, since an employer cannot be held liable for interfering with a contract to which it is a party.  *See Harrison v. NetCentric Corp.*, 433 Mass. 465, 477-78, 744 N.E.2d 622 (2001).  Plaintiff cannot assert a breach of

---

[1] If, as Plaintiff now claims, her union breached some duty to her in abandoning that claim, that is a matter between Plaintiff and her Union.

contract action against the individual directors, since they are not parties to the CBA between her union and the Credit Union. Plaintiff's claims as asserted here cannot be viewed as alleging a breach of the CBA against the Credit Union pursuant to § 301.

None of the cases cited by Plaintiff for the proposition that a federal court may retain jurisdiction of an intentional interference with contractual relations claim actually involved an employer-employee relationship governed by a collective bargaining agreement. *See, e.g.*, *Zimmerman v. Direct Federal Credit Union*, 262 F.3d 70 (1st Cir. 2001)(Federal jurisdiction based on Title VII claim); *Legoff v. Trustees of Boston University*, 23 F.Supp.2d 120 (D. Mass. 1998)(Federal jurisdiction based on Equal Pay Act and Title IX claims). Nor did *Tosti v. Ayik*, 386 Mass. 721, 437 N.E.2d 1062 (1982), and its progeny address preemption under § 301. *Tosti* was decided in 1982 and did not have the benefit of subsequent Supreme Court decisions concerning § 301 preemption of state law claims, such as *Lueck* (decided in 1985) and *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), as well as the cases below. In fact, *Tosti* was the state court's interpretation of federal preemption of a libel claim and related intentional interference claim against a union, and was wholly unrelated to the interpretation of a collective bargaining agreement. *See* 386 Mass. at 723-726.

On the contrary, when a claim of intentional interference with contractual relations has been considered by the First Circuit and this Court in the context of an employment relationship governed by a collective bargaining agreement, such claims have been dismissed as preempted without exception. *See Magerer v. John Sexton & Co.,* 912 F.2d 525, 530-531 (1st Cir. 1990); *Troconis v. Lucent Technologies, Inc.*, 160 F. Supp. 2d 150, 156 (D. Mass. 2001); *Kneeland v. Pepsi Cola Metropolitan Co., Inc.*, 605 F. Supp. 137, 139 (D. Mass. 1985).

Plaintiff's argument misses the point, as the merits of a particular claim do not factor into the consideration of § 301 preemption. It is not whether the complaint states a cause of action, but whether the claim implicates, and requires analysis of, the collective bargaining agreement that governs the employment relationship between a plaintiff and employer. *See Flibotte v. Pennsylvania Truck Lines, Inc.*, 131 F.3d 21, 26 (1st Cir. 1997); *Troconis*, 160 F.Supp.2d at 154-155. A claim of interference with contractual relations, where the contract at issue is the collective bargaining agreement, manifestly requires an interpretation of the collective bargaining agreement, and must be dismissed on the grounds of § 301 preemption. *See Troconis*, 160 F.Supp.2d at 156.

Even if Plaintiff's claims could survive as § 301 claims, they would still be dismissed because the six month statute of limitations for claims under § 301 has expired. *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Silva v. Hit or Miss*, 73 F. Supp. 2d 39, 41 (D. Mass. 1999); *Kneeland*, 605 F. Supp. at 139. In *DelCostello*, the Supreme Court held that the six month statute of limitations in § 10(b) of the National Labor Relations Act, appearing at 29 U.S.C. § 160(b), applied to claims under § 301 of the LMRA. *See* 462 U.S. at 170-172. In *Silva*, the Court dismissed plaintiff's state law breach of contract claim because of § 301 preemption, and then went on to note that such a claim could not be "resurrected" as a § 301 claim because the six month statute of limitations, which ran from the date of plaintiff's dismissal, had run. *See* 73 F. Supp. 2d at 41; *see also Kneeland*, 605 F. Supp. at 139 (Finding that any state law claim was preempted by § 301, and also barred under the statute of limitations). Plaintiff was dismissed on or about February 13, 2004, and did not file this action until April 28, 2005. Plaintiff's intentional interference with contractual

4

relations claim cannot be resurrected as a § 301 claim because the statute of limitations has run. *See Silva*, 73 F. Supp. 2d at 41.

In summary, Plaintiff not only concedes that § 301 preemption is appropriate, but fails to raise any argument as to why her claims should not be dismissed on that basis. Plaintiff's claims of intentional or tortious interference with contractual relations manifestly require an interpretation of the CBA, and should be dismissed. Even if Plaintiff's claims could be construed as § 301 claims, they still face dismissal because the six month statute of limitation for § 301 claims has expired.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | DONNA BOGGS, BRENDAN HALL, WILLIAM FRANCIS, MARY LOU MEIGHAN and MARION DOUCETTE, |
|  | By their attorneys, |
|  | /s/ Harvey Weiner |
|  | Harvey Weiner, BBO#519840<br>Robert J. O'Keefe, BBO#655653<br>PEABODY & ARNOLD LLP<br>30 Rowes Wharf<br>Boston, MA  02110<br>(617) 951-2100 |
| October 11, 2005 |  |

PABOS2:623668_1