UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA O'DONNELL<br><br>        Plaintiff<br><br>v.<br><br>DONNA BOGGS, BRENDAN HALL,<br>WILLIAM FRANCIS, MARY LOU MEGAN<br>and MARIAN DOUCETTE<br><br>        Defendants | Civil Action No. 05-11257-NG |

### DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

Pursuant to Federal Rule of Civil Procedure 72(b), Defendants Donna Boggs, Brendan Hall, William Francis, Mary Lou Meighan and Marion Doucette submit these Objections to the Report and Recommendation Re: Defendants' Motion for Summary Judgment. Specifically, Defendants object to the Magistrate Judge's recommendation that, even though she agrees that all counts are preempted, Defendants' Motion for Summary Judgment should nevertheless be denied, and that the Plaintiff be given leave to amend her complaint to state a § 301 claim. According to Fed. R. Civ. P. 72(b), when objections to a Magistrate Judge's findings as to a dispositive motion are filed, the District Court must review the matter *de novo*.

### BACKGROUND

Plaintiff Paula O'Donnell ("O'Donnell") is a former employee of the Boston Globe Employees Credit Union ("Credit Union"). She was a member of the Office and Professional Employees International Union, Local 6, AFL-CIO ("Local 6"), which negotiated a Collective Bargaining Agreement ("CBA") with the Credit Union. O'Donnell was the Shop Steward for

Local 6 and signatory to the CBA during some of the relevant period. The Defendants are current and former members of the Credit Union's Board of Directors. Marion Doucette is also the former Manager/CEO of the Credit Union. Defendants Hall and Doucette were also signatories to the CBA on behalf of the Credit Union during the same period.

Plaintiff claims she was treated hostilely after she made complaints to the Board of Directors about the purported misconduct of Ms. Doucette's daughter, a former employee. She alleges that she was constructively discharged after the Board failed to adequately address her complaints and resolve the hostile working environment that developed after Plaintiff's complaints to individual members of the board. Local 6 filed a grievance on her behalf, which was eventually abandoned. She filed this tort action against various members of the Board of Directors and the former Manager/CEO of the Credit Union, alleging that the Defendants tortiously interfered with her contractual relationship with the Credit Union.

The essence of Defendants' Motion for Summary Judgment is that Plaintiff's claims, as alleged in her complaint, are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and therefore subject to dismissal. The Magistrate Judge agreed that Plaintiff's claims were in fact preempted by § 301. Report and Recommendation at 14. The sole remaining issue was whether § 301 preemption calls for dismissal, as advocated by the Defendants, or whether Plaintiff's claims should be treated as § 301 claims, as Plaintiff contends. The Magistrate Judge chose a third path, not advocated by either party (and not permitted by law), to grant Plaintiff leave to amend her complaint to state a § 301 claim against the Credit Union. Report and Recommendation at 20-21.

2

## OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDATION

1. <u>Plaintiff's claims should have been dismissed as preempted</u>.

The Plaintiff did not request leave to amend to add a so-called "hybrid" § 301 claim, and the Court is under no obligation to grant leave to amend *sua sponte* when a party has failed to request it. *See Donahue v. City of Boston*, 371 F.3d 7, 17 (1st Cir. 2004). In *Donahue*, the court held that the district court properly did not consider allegations added in an amended complaint filed after the defendant moved for summary judgment, where the additional allegations were not raised in the plaintiff's earlier motion to amend. The court found that the district court did not abuse its discretion in declining to expand the scope of the case beyond the issues presented in the earlier motion to amend where the plaintiff never sought leave to raise the additional issues prior to the summary judgment motion. *Id.*

This Court must take the claims as alleged, and should not *sua sponte* allow the Plaintiff to assert new claims to avoid dismissal through a motion for summary judgment. *See Donahue*, 371 F.3d at 17. The issue of a breach of duty of fair representation by the Plaintiff's union was not raised until Plaintiff submitted her affidavit in opposition to Defendants' Motion for Summary Judgment. Docket Entry #8, O'Donnell Aff., ¶9. After the hearing was held on the Defendants' Motion for Summary Judgment, the Plaintiff filed a second complaint,[1] asserting a § 301 cause of action against the Credit Union directly, and further alleging that Local 6 breached the duty of fair representation. This eliminates the need for Plaintiff to amend this complaint to state a § 301 claim.

---

[1] *O'Donnell v. The Boston Globe Employees Credit Union*, 05-CV-12490-NG. The parties have recently filed a joint motion to consolidate the action against the Credit Union with this action.

The cases that the Magistrate Judge suggests allows the court to freely grant leave to amend a complaint to state a § 301 claim never granted such leave *sua sponte*. *See* Report and Recommendation at 18-19. In fact, one of the cases cited by the Magistrate Judge suggests that leave to amend should *not* be granted in this instance. *See Niagara of Wisconsin Paper Corp. v. Paper Industry Union-Management Pension Fund*, 800 F.2d 742, 748-749 (8th Cir. 1986). In *Niagara of Wisconsin*, the district court *denied* plaintiff's motion for leave to amend to the complaint to state a § 301 claim, which plaintiff filed after the court granted summary judgment to the defendant. *See* 800 F.2d at 748. The court of appeals noted that "different considerations apply to motions [for leave to amend] filed after dismissal," and found that denial of leave to amend was proper in this instance. *Id.* at 749. The plaintiff could not state a § 301 claim against the defendant, so leave to amend would have been futile. *Id*.

In two of the other cases cited by the Magistrate Judge leave to amend was either granted at the request of the parties, *Baron v. National-Standard Co.*, 850 F. Supp. 320, 323 (E.D.Pa. 1994), or the complaint was dismissed without prejudice with leave to amend. *See Abrams v. Carrier Corp.*, 434 F.2d 1234, 1255 (2nd Cir. 1970).

The Magistrate Judge's recommendation is also contrary to the precedents of the First Circuit and this Court. Claims of intentional interference with contractual relations in the context of an employment relationship governed by a collective bargaining agreement have been dismissed as preempted without exception. *See Magerer v. John Sexton & Co.,* 912 F.2d 525, 530-531 (1st Cir. 1990); *Troconis v. Lucent Technologies, Inc.*, 160 F. Supp. 2d 150, 156 (D. Mass. 2001); *Acciavati v. Professional Services Group, Inc.*, 982 F. Supp. 69, 76 (D. Mass. 1997); *Kneeland v. Pepsi Cola Metropolitan Co., Inc.*, 605 F. Supp. 137, 139 (D. Mass. 1985).

Further, the Magistrate Judge misstates the holdings of several of these decisions by suggesting that the state law tort claims at issue were dismissed because the plaintiff had failed to exhaust administrative remedies. *See* Report and Recommendation at 16. A closer review of these decisions shows that this was not the reason. *See Flibotte*, 131 F.3d 21, 26-27 (Dismissing state law claims because they involved interpretation of the CBA); *Troconis*, 160 F.Supp.2d at 156, 159 (Dismissing workers compensation discrimination claim and intentional interference with contractual relationship claim because they involved interpretation of the CBA); *Acciavati*, 982 F.Supp. at 76 (Dismissing interference with contractual relationship claim because it was preempted by § 301). While the court in *Magerer* did dismiss the claim because the plaintiff failed to exhaust his administrative remedies, it was only *after* the court had decided to treat the plaintiff's tort claim as a § 301 claim. *See* 912 F.2d at 531 ("Since plaintiff's claims… are completely preempted, the district court properly treated them as claims arising under Section 301."). Here, the Magistrate Judge did not choose to treat plaintiff's claims as § 301 claims, but instead offered plaintiff leave to amend to state a proper § 301 claim. None these decisions raised the issue of fair representation by the union.

    2.    <u>The individual board members and manager should be dismissed</u>.

While the Magistrate Judge recommends granting Plaintiff leave to amend the complaint to state a § 301 claim, the recommendation says nothing about the status of the claims against the individual board members and Ms. Doucette. It is well established that a § 301 claim for monetary damages may not be asserted against co-employees or officers and directors. *See United Food & Comm. Wrkrs. Local 951 v. Mulder*, 31 F.3d 365, 370 (6th Cir. 1994)(Finding that individual employees cannot be held liable under § 301.); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity v. Kenneth R. Ambrose, Inc.*, 727 F.2d 279, 284 (3rd Cir.

1983)(Reversing damages award against officers of corporation.); *Deray v. Larson*, 283 F.Supp.2d 706, 710-711 (D.Conn. 2003)(Dismissing § 301 claim against supervisor and individual employees in their "official capacities."); *Kindness v. Bethlehem Steel Corp.*, 716 F.Supp. 1538, 1540-1541 (M.D.Pa. 1987)(Entering judgment for managers on employee's § 301 claim.). "The employer, not its agents, is the proper defendant in a section 301 action alleging breach by the employer of a collective bargaining agreement." *Deray*, 283 F.Supp.2d at 711.

Plaintiff's claims of intentional interference with a contractual relationship were asserted against current and former members of the board of directors of the Credit Union, as well as Plaintiff's former manager. Although Plaintiff asked the Court to treat these claims as claims asserted under § 301, this is not permitted. Granting Plaintiff leave to amend her complaint as to the individual Defendants would serve no purpose. Leave to amend should not be granted where the amendment would be futile or serve no legitimate purpose so that the court does not needlessly prolong matters. *See Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 59 (1st Cir. 1990). If the complaint has fundamental defects that cannot be cured through amendment, the court may deny leave to amend. *See Judge v. City of Lowell*, 160 F.3d 67, 79 (1st Cir. 1998). Since an appropriate § 301 claim may only be brought against the Credit Union, and the Plaintiff has already filed a separate § 301 action against the Credit Union, she should not be granted leave to amend to assert a futile claim. *Correa-Martinez*, 903 F.2d at 59. The fact that the Plaintiff has named individual board members and her former manager as defendants is a fundamental defect that could not be cured by allowing Plaintiff leave to amend. *See Judge*, 160 F.3d at 79. The individual Defendants to this action should be dismissed with prejudice.

## CONCLUSION

It is true that leave to amend may be freely given when justice so requires. Fed. R. Civ. P. 15(a). However, the precedents of the First Circuit suggest that the court is not obligated to grant leave to amend *sua sponte* when such leave is not requested by the parties, and that once preemption under § 301 is established, a claim of interference with contractual relations should be dismissed. Leave to amend to state a claim against the individual board members and Plaintiff's former manager would be futile since Plaintiff may not assert a § 301 claim against them. Therefore, Defendants request that the Court reject the Magistrate Judge's proposed Recommendation and grant their Motion for Summary Judgment.

    Respectfully submitted,

    DONNA BOGGS, BRENDAN HALL,
    WILLIAM FRANCIS, MARY LOU
    MEIGHAN and MARION DOUCETTE,

    By their attorneys,

    /s/ Harvey Weiner

    Harvey Weiner, BBO#519840
    Robert J. O'Keefe, BBO#655653
    PEABODY & ARNOLD LLP
    30 Rowes Wharf
    Boston, MA 02110
    (617) 951-2100

May 2, 2006

8

## CERTIFICATE OF SERVICE FOR ELECTRONIC FILING

I hereby certify that a true and correct copy of the foregoing Defendants' Objections to Magistrate Judge's Report & Recommendation, dated May 2, 2006, has been served electronically on each of the parties listed on the Notice of Electronic Filing, including all counsel of record:

Scott Adams, Esq.
92 State Street, 9th Floor
Boston, MA 02109

/s/ Harvey Weiner

Harvey Weiner

PABOS2:ROKEEFE:636771_1