UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA O'DONNELL<br><br>            Plaintiff<br><br>v.<br><br>DONNA BOGGS, MARIAN DOUCETTE, BRENDAN HALL, WILLIAM FRANCIS, MARY LOU MEGAN and THE BOSTON GLOBE EMPLOYEES CREDIT UNION<br><br>            Defendants | Civil Action No. 05-11257-NG |

WILLIAM FRANCIS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

1.       This Defendant admits the allegations contained in Paragraph 1 of the Amended Complaint.

2.       This Defendant admits the allegations contained in Paragraph 2 of the Amended Complaint, except to say that that his address is 36 Ninth Street, Stoughton, Massachusetts.

3.       This Defendant admits the allegations contained in Paragraph 3 of the Amended Complaint.

4.       Paragraph 4 is a jurisdictional statement that does not require a response.

5.       This Defendant has no knowledge of the allegations contained in Paragraph 5 of the Amended Complaint.

6.       This Defendant admits the allegations contained in Paragraph 6 of the Amended Complaint.

7.	This Defendant denies the allegations of Paragraph 7 of the Amended Complaint, except that he says that the Credit Union is state-chartered.

8.	This Defendant has no knowledge of the allegations contained in Paragraph 8 of the Amended Complaint.

9.	This Defendant has no knowledge of the allegations contained in Paragraph 9 of the Amended Complaint.

10.	This Defendant has no knowledge of the allegations contained in Paragraph 10 of the Amended Complaint.

11.	This Defendant has no knowledge of the allegations contained in Paragraph 11 of the Amended Complaint, except that Plaintiff was appointed to the position of Systems Manager at some point.

12.	This Defendant admits the allegation contained in the first sentence of Paragraph 12 of the Amended Complaint that in 2000 Marion Doucette hired her daughter, Linda Doucette, for the position of Bookkeeper, with the consent of the Board. This Defendant denies the allegations contained in the second sentence that Linda Doucette's qualifications were misrepresented, that she was otherwise not sufficiently qualified, or that the union compensation schedule did not allow a starting salary in excess of the minimum. This Defendant has no knowledge as to the allegations contained in the third sentence of Paragraph 12.

13.	This Defendant has no knowledge as to whether Plaintiff complained to Marion Doucette about the hiring and compensation of Linda Doucette. This Defendant denies that Plaintiff brought the issue to the attention of the Board, and adds that Plaintiff's usual procedure would be to talk to an individual Board member not at a Board meeting.

14.	This Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.	This Defendant admits the allegation contained in the first sentence of Paragraph 15 of the Amended Complaint, except that, on information and belief, the number of checks bounced was 21. This Defendant has no knowledge as to the allegations contained in the second sentence of Paragraph 15 of the Amended Complaint. This Defendant denies the allegations contained in sentences three and five of Paragraph 15 of the Amended Complaint. This Defendant has no knowledge of the allegations contained in the fourth sentence of Paragraph 15 of the Amended Complaint that Plaintiff learned of this and complained to Marion Doucette, but denies that Plaintiff reported the matter to the Board and adds that Plaintiff's usual procedure would be to talk to an individual Board member not at a Board meeting.

16.	This Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint, including the allegations that Marion Doucette's conduct towards Plaintiff was abusive or threatening or that the Board acted inappropriately.

17.	This Defendant admits the allegation contained in the first sentence of Paragraph 17 of the Amended Complaint that on November 15, 2002 there was an overdraft, but has no knowledge of the remainder of the allegations contained in the first and second sentence of Paragraph 17, except that she admits the Board eventually became aware of the overdraft.

18.	This Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint, including the allegations that Marion Doucette's behavior was abusive or threatening or that the Board acted inappropriately.

19.	Defendant has no knowledge of the allegations contained in the first and second sentences of Paragraph 19 of the Amended Complaint, except that Defendant admits that certain

matters were reported to the Board. Defendant admits the allegations contained in the third sentence of Paragraph 19 of the Amended Complaint that the Linda Doucette situation was investigated and states that Linda Doucette resigned in February, 2003.

20. This Defendant has no knowledge of the allegations contained in the first sentence of Paragraph 20 of the Amended Complaint. This Defendant denies the allegations contained in the second sentence of Paragraph 20.

21. This Defendant has no knowledge as to the allegations contained in Paragraph 21 of the Amended Complaint.

22. This Defendant has no knowledge as to the allegations contained in Paragraph 22 of the Amended Complaint, except that this Defendant denies that Plaintiff brought the Linda Doucette matter before the Board, although she may have talked to one or more individual Board members about this.

23. This Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint, including the allegations that Plaintiff took a leave of absence.

24. This Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint.

25. This Defendant denies the allegations contained in Paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint, except that this Defendant admits that Marion Doucette retired from her employment at the Credit Union as of July 2, 2004, and that Plaintiff was terminated for gross misconduct in accordance with the provisions of the Collective Bargaining Agreement.

27. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Amended Complaint.

**COUNT 1 – Tortious Interference with Contractual Relations by Marian Doucette**

28. This Defendant repeats his responses to the allegations set forth elsewhere in the complaint.

29. This Defendant has no knowledge as to the allegations contained in Paragraph 29 of the Amended Complaint, except to say that the conditions of work were governed solely by the Collective Bargaining Agreement.

30. These allegations do not relate to this Defendant and therefore do not require a response.

31. These allegations do not relate to this Defendant and therefore do not require a response.

32. These allegations do not relate to this Defendant and therefore do not require a response.

**Count 2: Tortious Interference with Contractual Relations by Board Member Defendants**

33. This Defendant repeats his responses to the allegations set forth elsewhere in the complaint.

34. This Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint, except to say that the conditions of work were governed solely by the Collective Bargaining Agreement.

35. This Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint.

36. This Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint, except that this Defendant admits that the Credit Union terminated Plaintiff's employment relationship with the Credit Union.

37. This Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint.

38. This Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint.

**Count 3: Breach of Contract By Boston Globe Credit Union**

39. Defendant repeats his responses to the allegations set forth elsewhere in the complaint.

40. These allegations do not relate to this Defendant and therefore do not require a response.

41. These allegations do not relate to this Defendant and therefore do not require a response.

42. These allegations do not relate to this Defendant and therefore do not require a response.

43. These allegations do not relate to this Defendant and therefore do not require a response.

44. These allegations do not relate to this Defendant and therefore do not require a response.

45. These allegations do not relate to this Defendant and therefore do not require a response.

46. These allegations do not relate to this Defendant and therefore do not require a response.

47. These allegations do not relate to this Defendant and therefore do not require a response.

**Count 4: Various Public Policy and Rights Violations**

48. This Defendant repeats his responses to the allegations set forth elsewhere in the complaint.

49. This Defendant denies the allegations contained in Paragraph 49 of the Amended Complaint.

50. This Defendant denies the allegations contained in Paragraph 50 of the Amended Complaint.

51. This Defendant denies the allegations contained in Paragraph 51 of the Amended Complaint.

52. This Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

53. Plaintiff's tortious interference with contractual relations claims are precluded by the law of the case doctrine; the claims were determined to be preempted as recommended by Magistrate Judge Bowler and adopted by Judge Gertner.

### SECOND AFFIRMATIVE DEFENSE

54. Plaintiff's tortious interference with contractual relations claims are preempted by the Labor Management Relations Act of 1947 §301, 29 U.S.C.A. §185.

### THIRD AFFIRMATIVE DEFENSE

55.     Plaintiff was terminated for gross misconduct in accordance with the provisions of the Collective Bargaining Agreement.

### FOURTH AFFIRMATIVE DEFENSE

56.     Plaintiff failed to exhaust the grievance procedure as provided for in the Collective Bargaining Agreement.

### FIFTH AFFIRMATIVE DEFENSE

57.     Plaintiff's claims are barred in whole or in part by the statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

58.     Plaintiff fails to state a claim upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE

59.     The Complaint should be dismissed because this Defendant was not motivated by actual malice or improper means or motive.

### EIGHTH AFFIRMATIVE DEFENSE

60.     The Complaint should be dismissed because this Defendant was justified in so acting under the appropriate privilege.

### NINTH AFFIRMATIVE DEFENSE

61.     This Defendant says that the acts complained of were not committed by a person for whose conduct this Defendant was legally responsible.

### TENTH AFFIRMATIVE DEFENSE

62.     This Defendant did not proximately cause the Plaintiff's alleged damages and injuries and, therefore, the Plaintiff is not entitled to recover against this Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

63. The Plaintiff's alleged damages and injuries were caused wholly or in part because of her own comparative negligence and, therefore, the Plaintiff's claims are barred against this Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

64. The Plaintiff's claim is barred in whole or in part by the exclusivity of the Workers Compensation Law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

65. Plaintiff fails to state a claim under 31 U.S.C. § 5328, because the Credit Union is not a federally-chartered financial institution.

        WILLIAM FRANCIS,

        By his attorneys,

        /s/ Harvey Weiner

        Harvey Weiner, BBO#519840
        Robert J. O'Keefe, BBO#655653
        PEABODY & ARNOLD LLP
        30 Rowes Wharf
        Boston, MA  02110
        (617) 951-2100

June 30, 2006

PABOS2:641185_1