UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA O'DONNELL<br><br>             Plaintiff<br><br>v.<br><br>DONNA BOGGS, MARIAN DOUCETTE, BRENDAN HALL, WILLIAM FRANCIS, MARY LOU MEGAN and THE BOSTON GLOBE EMPLOYEES CREDIT UNION<br><br>             Defendants | Civil Action No. 05-11257-NG |

### BOSTON GLOBE EMPLOYEES CREDIT UNION ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

1.      Defendant admits the allegations contained in Paragraph 1 of the Amended Complaint.

2.      Defendant admits the allegations contained in Paragraph 2 of the Amended Complaint, except to say that that addresses of the individual defendants are known.

3.      Defendant admits the allegations contained in Paragraph 3 of the Amended Complaint.

4.      Paragraph 4 is a jurisdictional statement that does not require a response.

5.      Defendant admits the allegations contained in Paragraph 5 of the Amended Complaint.

6.      Defendant admits the allegations contained in Paragraph 6 of the Amended Complaint.

7. Defendant denies the allegations of Paragraph 7 of the Amended Complaint, except that it says it is a state-chartered credit union.

8. Defendant denies the allegations contained in Paragraph 8 of the Amended Complaint, except that it says another employee of the Credit Union first discovered the situation.

9. Defendant denies the allegations contained in Paragraph 9 of the Amended Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Amended Complaint to the extent that Plaintiff was appointed to the positions as alleged at the times alleged, and denies the remaining allegations of the paragraph.

12. Defendant admits the allegation contained in the first sentence of Paragraph 12 of the Amended Complaint that in 2000, Marion Doucette, with the consent of the Board, hired Linda Doucette for the position of Bookkeeper. Defendant denies the allegations contained in the second sentence that Linda Doucette's qualifications were misrepresented, that she was otherwise not sufficiently qualified, or that the union compensation schedule did not allow a starting salary in excess of the minimum. Defendant admits the allegations contained in the third sentence of Paragraph 12, except that it denies that the compensation was more than the union contract allowed.

13. Defendant denies the allegations of Paragraph 13 of the Amended Complaint that Plaintiff complained to Marion Doucette regarding the hiring of Linda Doucette, but admits that she complained to Marion Doucette about the compensation of Linda Doucette. Defendant

denies that Plaintiff brought the issue to the attention of the Board, and adds that Plaintiff's usual procedure would be to talk to an individual Board member not at a Board meeting.

14.    Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.    Defendant admits the allegation contained in the first sentence of Paragraph 15 of the Amended Complaint, except that, on information and belief, the number of checks bounced was 21. Defendant has no knowledge as to the allegations contained in the second sentence of Paragraph 15 of the Amended Complaint. Defendant denies the allegations contained in sentences three and five of Paragraph 15 of the Amended Complaint. This Defendant admits the allegations contained in the fourth sentence of Paragraph 15 of the Amended Complaint that Plaintiff learned of this and complained to Marion Doucette, but denies that Plaintiff reported the matter to the Board and adds that Plaintiff's usual procedure would be to talk to an individual Board member not at a Board meeting.

16.    Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint, including the allegations that Marion Doucette's conduct towards Plaintiff was abusive or threatening or that the Board acted inappropriately.

17.    Defendant admits the allegation contained in the first sentence of Paragraph 17 of the Amended Complaint that on November 15, 2002 there was an overdraft, but has no knowledge of the remainder of the allegations contained in the first and second sentence of Paragraph 17, except that it admits the Board eventually became aware of the overdraft.

18.    Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint, including the allegations that Marion Doucette's behavior was abusive or threatening or that the Board acted inappropriately.

19. Defendant has no knowledge of the allegations contained in the first and second sentences of Paragraph 19 of the Amended Complaint, except that Defendant admits that certain matters were reported to Marion Doucette and to the Board. Defendant admits the allegations contained in the third sentence of Paragraph 19 of the Amended Complaint that the Linda Doucette situation was investigated and states that Linda Doucette resigned in February, 2003.

20. Defendant has no knowledge of the allegations contained in the first sentence of Paragraph 20 of the Amended Complaint. Defendant denies the allegations contained in the second sentence of Paragraph 20 of the Amended Complaint.

21. Defendant admits the allegations of Paragraph 21 of the Amended Complaint.

22. Defendant denies that Plaintiff brought the Linda Doucette matter before the Board, although she may have talked to one or more individual Board members about this. Defendant admits that Donna Boggs said she would have the matter taken care of so that Plaintiff need not pursue it further, but denies the remaining allegations of Paragraph 22 of the Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint, including the allegations that Plaintiff took a leave of absence.

24. Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint, except that it admits that Ms. Doucette retired from her employment at the Credit

Union as of July 2, 2004, and that Plaintiff was terminated for gross misconduct in accordance with the provisions of the Collective Bargaining Agreement

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 27 of the Amended Complaint relating to Plaintiff's communications with Local 6.  Defendant admits the allegations contained in the second sentence of the paragraph that a grievance was brought concerning Plaintiff's termination, but denies that the reported issues were the subjects of various discussions and grievances between Local 6 and the Defendant.  Defendant admits the allegations contained in the third sentence of Paragraph 27 that Local 6 abandoned the grievance prior to arbitration.

**COUNT 1 – Tortious Interference with Contractual Relations by Marian Doucette**

28.     Defendant repeats its responses to the allegations set forth elsewhere in the complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Amended Complaint, except to say that the conditions of work were governed solely by the Collective Bargaining Agreement.

30.     Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint.

**Count 2: Tortious Interference with Contractual Relations by Board Member Defendants**

5

33. Defendant repeats its responses to the allegations set forth elsewhere in the complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint, except to say that the conditions of work were governed solely by the Collective Bargaining Agreement.

35. Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint.

**Count 3: Breach of Contract By Boston Globe Credit Union**

39. Defendant repeats its responses to the allegations set forth elsewhere in the complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint, except to say that the conditions of work were governed solely by the Collective Bargaining Agreement

41. Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint.

42. Defendant admits the allegations contained in Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Amended Complaint.

**Count 4: Various Public Policy and Rights Violations**

48. Defendant repeats its responses to the allegations set forth elsewhere in the complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Amended Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Amended Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

53. Plaintiff's tortious interference with contractual relations claims are precluded by the law of the case doctrine; the claims were determined to be preempted as recommended by Magistrate Judge Bowler and adopted by Judge Gertner.

### SECOND AFFIRMATIVE DEFENSE

54. Plaintiff's tortious interference with contractual relations claims are preempted by the Labor Management Relations Act of 1947 §301, 29 U.S.C.A. §185.

### THIRD AFFIRMATIVE DEFENSE

55. Plaintiff was terminated for gross misconduct in accordance with the provisions of the Collective Bargaining Agreement.

### FOURTH AFFIRMATIVE DEFENSE

56. Plaintiff failed to exhaust the grievance procedure as provided for in the Collective Bargaining Agreement.

### FIFTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred in whole or in part by the statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

58. Plaintiff fails to state a claim upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE

59. There were no express or implied covenants between the Plaintiff and the Credit Union other than the Collective Bargaining Agreement.

### EIGHTH AFFIRMATIVE DEFENSE

60. Local 6 did not breach its duty of fair representation.

## NINTH AFFIRMATIVE DEFENSE

61. Plaintiff was in breach of her obligations under the Collective Bargaining Agreement.

## TENTH AFFIRMATIVE DEFENSE

62. Plaintiff fails to state a claim under 31 U.S.C. § 5328, because the Credit Union is not a federally-chartered financial institution.

> BOSTON GLOBE EMPLOYEES CREDIT UNION,
>
> By its attorneys,
>
> /s/ Harvey Weiner
>
> ___
> Harvey Weiner, BBO#519840
> Robert J. O'Keefe, BBO#655653
> PEABODY & ARNOLD LLP
> 30 Rowes Wharf
> Boston, MA  02110
> (617) 951-2100

June 30, 2006

PABOS2:641107_1