UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

Paula O'Donnell,
    Plaintiff
v.                                                             Civil Action No. 05-CV-11257- NG

Donna Boggs, et al.,
    Defendants.

**Plaintiff's Opposition to Defendant's Motion to Quash Depositions**

Plaintiff has a right to discovery of any relevant information, whether or not admissible, from any party in the action or from any other individual or entity which may have knowledge or possession of such information. In this action, as reasonably inferred from the Complaint, all claims are derived, directly and indirectly, from the unlawful conduct of Linda Doucette, an employee of the state and federally regulated Defendant Boston Globe Employees Credit Union. Linda, who was hired by her mother Defendant Marion Doucette, engaged in various misconduct, including the fraudulent manipulation of the bank's accounts in order to coverup her misappropriations from the bank's ATM account. Plaintiff discovered and/or reported such misconduct.

Defendant Marion Doucette then engaged in retaliatory conduct against Plaintiff for Plaintiff's discovery and reporting of her daughter's misconduct. The only individual (other than Linda) who suffered adverse employment action as a result of Linda's misconduct was Plaintiff, who was eventually terminated. It is believed that after Linda's employment belatedly ended, the outside firm of Anderson and French, P.C. audited the relevant accounts. Plaintiff has asserted various claims against Defendants Marion Doucette, the Credit Union, and certain board of directors who also retaliated against Plaintiff. Plaintiff was a union member and in order to prevail on one or more of these claims, she needs to produce evidence of the Union's breach of duty to her as a union member.

On this basis. Plaintiff has noticed the deposition of the following non-parties, *all of whom were disclosed* in Plaintiff's Initial Rule 26 Disclosures and, without doubt, have information not only relevant but also admissible in a trial of the matters:

Deposition:   (i)   Linda Doucette
              (ii)  Office of Professional Employees International Union, Local l6 (Records only)
              (iii) Anderson and French, P.C.

These depositions are likely to discover, or lead to the discovery, of information proving Plaintiff's claims and negating Defendants' anticipated defenses. It is reasonable to infer from the procedural and unsupported basis[1] of Defendants' objections, that the real and only reason for objection to the depositions is the certainty that Plaintiff will obtain damaging information.

Plaintiff's counsel is aware of no written or oral agreement of the parties, and no written or oral order or stipulation of the Court, that prohibits or would preclude these depositions, which Plaintiff believes and hopes will be short affairs of a few hours each. (Exh. 1) In fact, one is merely a deposition to produce records not requiring attendance at all. (Id.). Plaintiff's counsel is not aware of any conversation, or any reasonable inference from any conversation, between the parties or before the Court that would directly or indirectly, prevent these depositions from taking place or preclude him from seeking such depositions. (Id.)

Plaintiff's counsel, to the best of his recollection, did not limit or preclude himself from conducting these depositions by failing to set forth at the June 16, 2006 Rule 16 conference, either expressly or implicitly, the intention to conduct depositions of this nature or of these individuals or entities. (Id.). [The specific identity of the auditing firm was unknown to counsel on the date of the

---

[1] The failure of Defendant's counsel to support his factual contentions by affidavit should be noted. See French v. Vandkjaaer, et al., 14 Mass. App. Ct. 980 (1982)("Factual assertions and representations of counsel which are not contained in the affidavits have no force.").

2

Rule 16 conference but, to the best of Plaintiff counsel's recollection, the intention to conduct a deposition of this nature was noted. (Id.).] He also believes he indicated to the Court that the final "roll" for depositions would depend, in some degree, upon discovery not yet conducted. (Id.).

It is inconceivable that depositions of this nature and of these individuals or entities would not be conducted, and anticipated by Defendants, due to the nature of the claims and allegations of the Complaint, the disclosures made under Rule 26, and from conversations and other interactions conducted by the parties or before the Court in other proceedings. It is also inconceivable that Plaintiff's counsel would, by intent or through negligence, knowingly allow the prohibition of such depositions–*for to do so would probably require immediate notification of his malpractice carrier.*

Since there is a real need for the information, a right to it and no real prejudice–other than the discovery of information damaging to Defendants–the deposition subpoenas should not be quashed as requested by Defendants. If, for any reason, the Court believes there was a failure to notify regarding these depositions, then Plaintiff seeks, alternatively, leave to have such depositions conducted on the basis of the disclosures noted herein.


Plaintiff, by her attorney,

___/s/ Scott Adams_____        dated: September 5, 2006
Scott Adams (BBO# 639166)
92 State St., 9th Flr.
Boston, MA 02109
Tel: (617) 742-4554


*Certificate of Service: I hereby certify that a true copy of this document and any attachments was ECF filed served upon counsel for Defendants: Harvey Weiner, Peabody & Arnold, 30 Rowes Wharf, Boston MA 02110 by hand / mail / fax [and to non-registered participants] on _9/5__, 2006. Signed: _/s/ Scott Adams 9/5/06*

EXHIBIT 1

**Affidavit of Scott Adams**

I, Scott Adams, state of personal knowledge:

1. I am counsel for Plaintiff.
2. We have subpoenaed and noticed the depositions of (i) Linda Doucette, (ii) Office of Professional Employees International Union, Local l6, AFL-CIO, and (iii) (for records only) Anderson and French, P.C. These non-parties to the action have information relevant to the claims made by Plaintiff, and to potential or alleged defenses that may be raised by Defendants.
3. I am aware of no written or oral agreement of the parties, and no written or oral order or stipulation of the Court, that prohibits or would preclude these depositions, which I believe will be short affairs of a few hours each. In fact, one is merely a deposition to produce records that would not require attendance at all.
4. I am not aware of any conversation, or any reasonable inference from any conversation, between the parties or before the Court that would directly or indirectly, prevent these depositions from taking place or preclude him from seeking such depositions.
5. To the best of my recollection, I did not limit or prohibit us from conducting these depositions by failing to set forth at the June 16, 2006 Rule 16 conference, either expressly or implicitly, the intention to conduct depositions of this nature. In fact, although the specific identity of the auditing firm was not known to me on the date that the Rule 16 conference was conducted, to the best of my recollection, the intention to conduct a deposition of this nature was noted. I also seem to recall indicating to the Court that the final "roll" for depositions would depend, in some degree, upon discovery not yet conducted.

Signed under penalty of perjury,

___/s/__ Scott Adams _____
Scott Adams, Esq.