UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA O'DONNELL<br><br>                    Plaintiff<br><br>v.<br><br>DONNA BOGGS[*], MARIAN DOUCETTE*,<br>BRENDAN HALL, WILLIAM FRANCIS,<br>MARY LOU MEGAN*, and BOSTON<br>GLOBE EMPLOYEES CREDIT UNION<br><br>                    Defendants | Civil Action No. 05-11257-NG |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' AFFIDAVITS**

Defendants Donna Boggs, Marion Doucette, Brendan Hall, William Francis, Mary Lou Meighan, and the Boston Globe Employees Credit Union hereby oppose the Plaintiff's Motion to Strike Certain Portions of Defendants' Affidavits. The Defendants filed two affidavits in support of their Motion for Summary Judgment: the Affidavit of Harvey Weiner, Esq. ("Weiner Aff."), and the Affidavit of Mary Mahoney ("Mahoney Aff."). The Affidavits are Docket Papers Nos. 7 and 31, respectively. For reasons set forth more fully below, the Motion to Strike should be denied. Plaintiff proposes to strike portions of the Affidavits for reasons that are both self-serving and unhelpful to the Court. For example, Plaintiff objects to the inclusion of the Collective Bargaining Agreements which form the basis of her employment with the Boston

---

[*] Defendant Donna Boggs was incorrectly identified in Defendants' Notice of Removal as Donna Briggs. Plaintiff has misspelled the names of defendants Mary Lou Meighan and Marion Doucette in her Complaints. The proper spelling is used herein, as is the caption contained in Plaintiff's First Amended (Consolidated) Complaint.

Globe Employees Credit Union (the "Credit Union") and to correspondence relating to her employment and termination by the Credit Union, but she does not contest the authenticity of any of these documents. She objects to portions of the Affidavit of Mary Mahoney that pertain to the decision of Local 6 of the Office and Professional Employees International Union, AFL-CIO ("Local 6") not to proceed to arbitration on the Plaintiff's grievance even though this information is clearly relevant and based on personal knowledge of the affiant. We address the Plaintiff's objections to each Affidavit in more detail in turn.

I.    **AFFIDAVIT OF HARVEY WEINER**

Defendants filed the Weiner Affidavit on September 6, 2005 with their first Motion for Summary Judgment in this action. Plaintiff opposed the summary judgment motion, but did not file a Motion to Strike the Weiner Affidavit or any of its exhibits at that time. Plaintiff cannot reasonably object now to the Court's consideration of the same affidavit and the same exhibits, more than a year later. Defendants refer to the Weiner Affidavit and its exhibits in their second summary judgment motion, and did not submit it a second time in order to avoid duplication and overburdening the Court and the Court's electronic filing system. The Plaintiff's belated Motion to Strike any portion of the Weiner Affidavit or its exhibits should be denied.

Even if the Court considers the Motion to Strike, it should be denied for several substantive reasons, as set forth below.

**Paragraphs 6, 7, 8, 9, 10, 11, and 22**

There is no restriction on the affidavit of an attorney for purposes of summary judgment. Here the Plaintiff appears to object to information provided regarding background information on the individual Defendants which the Plaintiff does not contest. Plaintiff objects to paragraphs 6 through 11 and Paragraph 22 of the Weiner Affidavit on the grounds that they contain "impermissible" representations. A review of these paragraphs shows that the paragraphs merely

set forth that the Credit Union is a state-chartered Credit Union (¶6), and the positions of the individual defendants on the Credit Union's Board of Directors (¶¶7-11). These paragraphs merely supplement the Plaintiff's own allegations in her First Amended (Consolidated) Complaint (the "Amended Complaint") regarding the individual Defendants. The Plaintiff does not contest that the information is in fact accurate.

Plaintiff also objects to Paragraph 22, which sets forth the date on which she stopped showing up for work at the Credit Union, and the date on which her sick leave and vacation time expired. Plaintiff's own Amended Complaint includes the same information regarding the date she stopped going to work at Paragraph 23, and Plaintiff does not contest that the information is accurate.

**Paragraphs 2, 3, 4 and Related Exhibits**

Plaintiff objects to the inclusion of two Collective Bargaining Agreements (CBAs) between the Credit Union and Local 6. (Weiner Aff. Exs. 1 and 2.) It is difficult to see what grounds she has for doing so. The CBAs are the operative documents regarding her employment by the Credit Union, and she does not contest their authenticity. The CBAs are also attached to the Affidavit of Mary Mahoney, the President and Business Manager of Local 6. (Mahoney Aff. Exs. 1 and 2.) Plaintiff has not moved to strike the CBAs as attached to the Mahoney Affidavit.

Plaintiff also objects to the inclusion of correspondence regarding the Plaintiff's termination and her subsequent grievance. (Weiner Aff. Exs. 3, 11, 11A, 12, 13, 14, 15, 16.) She does not challenge the authenticity of any of these documents, and it is undisputed that the correspondence relates to her employment and her grievance against the Credit Union. All of this correspondence is relevant here because it directly relates to Plaintiff's employment and her grievance, and the documents should not be stricken.

**Paragraphs 14 to 21, 23, and 28 to 30**

Plaintiff objects to a representation in Paragraph 14 of the Weiner Affidavit which states that the "relevant portions of the CBA" (Weiner Aff. Exs. 1 and 2) "remain unchanged between the January 1, 2000 agreement through the January 1, 2003 agreement." (Weiner Aff. ¶14.) Plaintiff claims that the documents are unauthenticated and should be stricken as hearsay. The documents are authenticated as "true and accurate" copies of the CBAS. (*Id.*, ¶¶ 1-2.) Rule 56 allows for use of such documents, especially here where the CBAs are the operative documents governing her employment with the Credit Union. Plaintiff does not dispute that the paragraphs remain unchanged in the two CBAs, she simply objects to their use. This makes no sense. The CBAs are also attached to the Mahoney Affidavit as Exhibits 1 and 2. Ms. Mahoney has authenticated them. There is no legitimate reason for striking the CBAS.

Paragraph 15 asserts that Plaintiff signed Exhibit 1, which is the January 1, 2000 CBA, in her capacity as a Shop Steward for Local 6. (Weiner Aff. Ex. 1, at 18.) She does not dispute that she did so. Paragraphs 16 and 17 assert that Defendants Doucette and Hall signed the January 1, 2000 CBA as well, and that Defendant Meighan signed the January 1, 2003 CBA. (Weiner Aff. Exs. 1 and 2, at 18.) Plaintiff does not dispute that they did so.

Paragraphs 18 through 21 of the Weiner Affidavit merely set forth the organization and text of pertinent sections of the CBAs. Plaintiff does not dispute the accuracy of the Defendants' presentation of the quoted passages, and she does not provide any reason why the Court should not rely upon the CBAs. Again, the CBAs are also attached to the Mahoney Affidavit. Ms. Mahoney is the President and Business Manager for Local 6. Plaintiff has not provided a sound reason to strike these documents. Good cause exists to consider them as operative documents that are relevant to the Defendants' motion for summary judgment.

4

Paragraph 23 refers to correspondence written by counsel for the Plaintiff to Defendant Boggs as Chair of the Credit Union's Board, which is dated October 27, 2003. (Weiner Aff. Ex. 3.) There is no challenge to the authenticity of this correspondence, and it is difficult to see what purpose is achieved by striking this correspondence as it relates to the Plaintiff's employment by the Credit Union.

Paragraphs 28 through 30 of the Weiner Affidavit refer to the Plaintiff's grievance. Plaintiff seeks to strike Exhibits 11, 11A, 14, 15, 16, and 17 as referenced in these paragraphs of the Weiner Affidavit. Each of these documents is also attached to the Mahoney Affidavit, and they relate to Plaintiff's grievance, and correspondence between the Plaintiff and Local 6. (*See* Mahoney Aff. ¶¶12-14, and Exs. 3, 5, 6, 7, 8, and 9 thereto.) Again, it is difficult to see the purpose of Plaintiff's request to strike these exhibits as they are directly relevant to her grievance proceeding.

In sum, Plaintiff does not contest the authenticity of any of the documents attached to the Weiner Affidavit, and she provides no substantive reason for striking these particular paragraphs or the related exhibits. The Weiner Affidavit and the related documents provide relevant information for the Court's consideration of the Defendants' summary judgment motion, Plaintiff did not move to strike them when the Court considered the first summary judgment motion, and they should not be stricken now.

## II.    AFFIDAVIT OF MARY MAHONEY

Plaintiff objects to portions of the Mahoney Affidavit for various reasons. We consider each argument in turn.

### Paragraph 15 and Exhibit 10

In an effort to overcome Defendants' argument that the Plaintiff failed to meet the six-month statute of limitations under Section 301 of the LMRA (*see* Section III of the Defendants'

5

Memorandum of Law at 12-14), Plaintiff contends that the Defendants have "tailored" the Affidavit of Mary Mahoney "to counteract" Attorney Weiner's earlier affidavit filed in this action. (Plaintiff's Motion to Strike at 9.) There is simply no support for this assertion. A review of both affidavits reveals that the affidavits in fact deal with two separate letters written by Local 6. The first letter is dated June 6, 2005 and it is addressed to counsel for the Plaintiff, Attorney Scott Adams. (Mahoney Aff. ¶15; Mahoney Aff. Ex. 10.) The letter is from General Counsel for Local 6 and states: "This letter will confirm our conversation today. As we have discussed, the Union has decided not to proceed to arbitration on Ms. O'Donnell's grievance." (*Id.*, Ex. 10.) The letter clearly constitutes notice to the Plaintiff that Local 6 had decided not to pursue her grievance to arbitration, and confirms the telephone call of that same day.

The Weiner Affidavit deals with a later letter, which Local 6 sent to Attorney Weiner eight days later on June 14, 2005. (Weiner Aff. Ex. 18.) This letter is not addressed to the Plaintiff or her counsel, and it merely confirms that the Union had withdrawn the grievance: "This letter is to confirm that the Union has withdrawn the grievance in the above-referenced matter." *Id*. The June 6, 2005 letter was not disclosed to the defendants until discovery in this matter. Therefore, it could not be attached to the Weiner Affidavit, which was filed in support of the Defendants' first motion for summary judgment on September 6, 2005. There is no contradiction between the two affidavits. Attorney Weiner relied on the June 14, 2005 letter in his Affidavit because at that time it was the only evidence known to the Defendants of Local 6's decision to withdraw the grievance. Upon receipt of the June 6, 2005 letter in discovery it became clear that Local 6 had in fact notified the plaintiff by telephone and in writing of its decision to withdraw Plaintiff's grievance on June 6, 2005. (Mahoney Aff. ¶15; Mahoney Aff. Ex. 10.)

There is no legitimate reason to strike Exhibit 10 to the Mahoney Affidavit. Ms. Mahoney is the President and Business Manager of Local 6. (Mahoney Aff. ¶1.) Her affidavit states that Local 6 sent its June 6, 2005 letter to Plaintiff's counsel by facsimile, and that Local 6 also informed Plaintiff's counsel that same day by telephone of its decision not to proceed to arbitration of her grievance. (*Id.*, ¶15.) There is no speculation on these issues.

Contrary to Plaintiff's suggestion, the two letters do not create a disputed fact on the statute of limitations. Plaintiff does not contest the authenticity of the June 6, 2005 letter, nor does she state that she did not receive it on June 6, 2005, or that Local 6 did not notify her by telephone that day of its decision. S*ee* Affidavit of Attorney Scott Adams, dated February 2, 2007, in which Attorney Adams states only that he cannot recall having any telephone conversation with Local 6 in which Mary Mahoney participated. (Adams Aff. ¶2.) This in no way contradicts the Mahoney Affidavit and does not contest the authenticity of the June 6, 2005 letter sent by Local 6. Plaintiff objects to the earlier letter's use now because it constitutes notice of the withdrawal of her grievance and places the filing of her Section 301 claim outside the statute of limitations. Her argument on this should be summarily rejected.

**Paragraphs 22, 24, and 25**

Plaintiff also seeks to strike the correspondence between the National Labor Relations Board ("NLRB") and Local 6 regarding her appeal of Local 6's decision to withdraw her grievance. (Mahoney Aff. Exs. 12, 14, 15.) The Mahoney Affidavit attests that these are true and accurate copies of the NLRB correspondence. (*Id.*, ¶¶22, 24, 25.) Plaintiff's hearsay and foundation objections to these documents are unavailing. The NLRB documents are business records of Local 6, and Plaintiff does not question their authenticity. They also set forth factual findings made by the NLRB as a public agency pursuant to the authority granted to the NLRB by law. *See* Fed. R. Evid. 803(8) (providing hearsay exception for public records and reports setting

7

forth matters observed pursuant to duty imposed by law and for factual findings resulting from an investigation made pursuant to authority granted by law); *see also* Fed. R. Evid. 201 (governing judicial notice of adjudicative facts).

Plaintiff cannot be surprised by the use of the NLRB correspondence here. Plaintiff had an opportunity to depose Mary Mahoney. The NLRB's dismissal of the Plaintiff's appeal is relevant to the issue of Local 6's alleged violation of the duty of fair representation. The NLRB agreed, at two separate levels of review, that Local 6's decision to withdraw the grievance was appropriate. *See* Mahoney Aff. Ex. 14, in which the NLRB's Regional Director states "There is no evidence that the Union processed your grievance in an unfair or discriminatory manner."; and Ex. 15, in which the NLRB's Director of the Office of Appeals found that "the evidence shows that the Union did not pursue your grievance to arbitration after a good faith review of the dispute ( . . . ) Inasmuch as the Union's decision was not based on unlawful considerations, further proceedings herein were deemed unwarranted." These documents are relevant to the Union's alleged breach of its duty of fair representation and to Plaintiff's inability to prove this element of her Section 301 claim, and they should not be stricken.

Plaintiff also objects to unidentified representations in Paragraphs 24 and 25 of the Mahoney Affidavit as "inadmissible hearsay and conclusory statements" but she does not identify the offending statements and there are no grounds for striking these paragraphs.

**Paragraphs 16, 17, 19, 20, and 21**

Plaintiff contends that Paragraphs 16, 17, 19, 20, and 21 of the Mahoney Affidavit should be stricken as hearsay. This is insufficient grounds for striking these paragraphs. First, the Mahoney Affidavit is signed by the affiant, and is based on her personal knowledge as President and Business Manager of the Union. Second, Plaintiff cannot be heard to object to evidence by a representative of Local 6 about why the Union decided to withdraw Plaintiff's grievance. This is

not merely "state of mind" evidence as Plaintiff suggests. It is direct evidence of the reasons why Local 6 withdrew the grievance. Plaintiff can disagree and contend that Local 6 was wrong, but she cannot legitimately object to the consideration of the Mahoney Affidavit as evidence on the issue of why Local 6 withdrew her grievance. This evidence is relevant to whether Local 6 breached its duty of fair representation, which is an essential element of the Plaintiff's claim. These paragraphs should stand.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to strike should be denied in its entirety.

Respectfully submitted,

Defendants

DONNA BOGGS, MARIAN DOUCETTE, BRENDAN HALL, WILLIAM FRANCIS, MARY LOU MEGAN, and BOSTON GLOBE EMPLOYEES CREDIT UNION

By their attorneys,

/s/Elizabeth A. Houlding

Harvey Weiner, BBO#519840
Elizabeth A. Houlding, BBO#645981
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: March 9, 2007

## CERTIFICATE OF SERVICE

      I, Elizabeth A. Houlding, counsel for the defendants, do hereby certify, that I have this date, served the *Defendants' Opposition to Plaintiff's Motion to Strike Portions of Defendants' Affidavits*, by causing a copy thereof, to be sent electronically to the registered participants in this case, if any, as identified on the Notice of Electronic Filing (NEF) and paper copies mailed, first class mail, postage prepaid to any non registered participants in this case.

      /s/Elizabeth A. Houlding
      _____
      Elizabeth A. Houlding

PABOS2:EHOULDI:656133_1
193-90324