UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA O'DONNELL<br><br>    Plaintiff<br><br>v.<br><br>DONNA BOGGS[*], MARIAN DOUCETTE*,<br>BRENDAN HALL, WILLIAM FRANCIS,<br>MARY LOU MEGAN*, and BOSTON<br>GLOBE EMPLOYEES CREDIT UNION<br><br>    Defendants | Civil Action No. 05-11257-NG |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S "ADDITIONAL STATEMENTS"
AND AFFIDAVIT OF PAULA O'DONNELL**

Defendants Donna Boggs, Marion Doucette, Brendan Hall, William Francis, Mary Lou Meighan, and the Boston Globe Employees Credit Union hereby move to strike the Additional Statements submitted by the Plaintiff with her Response to the Defendants' Statement of Undisputed Material Facts ("Additional Statements"), and the Affidavit of Paula O'Donnell. Grounds for this Motion are set forth below.

**ARGUMENT**

The Additional Statements submitted by the Plaintiff are not material to the Defendants' summary judgment motion. (*See* ¶¶2-1 to 2-32 of the Response.) They consist largely of a self-serving and argumentative narrative of the Plaintiff's employment by the defendant Credit

---

[*] Defendant Donna Boggs was incorrectly identified in Defendants' Notice of Removal as Donna Briggs. Plaintiff has misspelled the names of defendants Mary Lou Meighan and Marion Doucette in her Complaints. The proper spelling is used herein, as is the caption contained in Plaintiff's First Amended (Consolidated) Complaint.

Union.  (*See*, ¶¶2-1 to 2-27.)  They also consist of argument regarding the Plaintiff's termination by the Credit Union.  Defendants have submitted with their summary judgment motion the relevant documents related to Plaintiff's termination and her subsequent grievance of the termination.  Local Rule 56.1 provides that oppositions to motions for summary judgment "shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried."  L.R. 56.1.  It does not provide for the submission of extraneous and irrelevant statements in search of a disputed fact.

A review of Plaintiff's "Additional Statements" shows that she has not identified any genuine issues of material fact to be tried.  She merely sets forth:  (1) her personal view of her relationship with the Credit Union (¶¶2-1 to 2-25); (2) a statement that the Defendants removed this action from state court (¶2-26); (3) a statement about the regulation of the Credit Union (¶2-28); (4) her opinion of what the Credit Union "knew" regarding her request for a leave of absence (¶2-29); (5) her personal interpretation of the leave of absence provision in the collective bargaining agreement (¶2-30); (6) an irrelevant comment regarding defendant Marion Doucette (¶2-31); and (7) further irrelevant comments regarding the consolidation of her two civil actions (¶2-32).[1]

The only paragraph of the Additional Statement that actually presents information that is relevant to the Defendants' summary judgment motion is paragraph 2-27, which pertains to the Union's withdrawal of Plaintiff's grievance.  However, this paragraph does not raise a genuine issue of material fact because Plaintiff ignores the Union's June 6, 2005 letter informing her

---

[1] The Affidavit of Paula O'Donnell mirrors the Additional Statements.  The related paragraphs of the Affidavit should also be stricken as they do not offer evidence of any material facts as to which there is a genuine issue to be tried.  (¶¶ 1-26 and 28-30.)

2

counsel of the Union's decision to withdraw her grievance. (Mahoney Aff. Ex. 10.) To avoid the effect of this letter, Plaintiff instead offers the following: "[the] Union officially abandoned the grievance on June 14, 2005 in a communication to the Credit Union. [Plaintiff] did not learn of this action until later." (Additional Statements, ¶2-27.) To support this statement, Plaintiff refers only to her own affidavit, rather than to the relevant correspondence notifying her counsel of the Union's decision, and states that the "Union officially notified the Credit Union that it was abandoning the grievance on June 14, 2004 [sic]. I did not learn that it had officially done so until later. It eventually became clear that the Union was abandoning me because nothing more was being done." This is both vague and disingenuous. As set forth more fully in the Defendants' Memorandum of Law and their Reply Brief, the issue for purposes of the statute of limitations for a Section 301 claim is not when the employer learned of the Union's withdrawal of the grievance, it is the date upon which the Plaintiff learned of it. Here, there can be no genuine dispute that the June 6, 2005 telephone call and confirmatory letter from the Union's General Counsel to counsel for the Plaintiff is the relevant date for the accrual of her Section 301 claim. Plaintiff's self-serving attempt to distance herself from this unambiguous letter by representing that she did not learn of the Union's withdrawal of her grievance until some unspecified later date is obfuscatory and is not evidence of anything at all. For the same reasons, paragraph 27 of plaintiff's Affidavit should also be stricken.

      The Additional Statements and Affidavit of Paula O'Donnell should be stricken in their entirety as they do not identify any material facts as to which there is a genuine issue to be tried.

## CONCLUSION

For all of the foregoing reasons, the Defendants respectfully request that their Motion to Strike be granted in its entirety.

Respectfully submitted,

Defendants

DONNA BOGGS, MARIAN DOUCETTE, BRENDAN HALL, WILLIAM FRANCIS, MARY LOU MEGAN, and BOSTON GLOBE EMPLOYEES CREDIT UNION

By their attorneys,

/s/Elizabeth A. Houlding
_____
Harvey Weiner, BBO#519840
Elizabeth A. Houlding, BBO#645981
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA  02110
(617) 951-2100

Dated:  March 9, 2007

5

**CERTIFICATE OF SERVICE**

      I, Elizabeth A. Houlding, counsel for the defendants, do hereby certify, that I have this date, served the *Motion to Strike*, by causing a copy thereof, to be sent electronically to the registered participants in this case, if any, as identified on the Notice of Electronic Filing (NEF) and paper copies mailed, first class mail, postage prepaid to any non registered participants in this case.

      /s/Elizabeth A. Houlding
      _____
      Elizabeth A. Houlding

PABOS2:EHOULDI:656840_1
193-90324