UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA O'DONNELL<br><br>        Plaintiff<br><br>v.<br><br>DONNA BOGGS*, MARIAN DOUCETTE*,<br>BRENDAN HALL, WILLIAM FRANCIS,<br>MARY LOU MEGAN*, and BOSTON<br>GLOBE EMPLOYEES CREDIT UNION<br><br>        Defendants | Civil Action No. 05-11257-NG |

**OPPOSITION OF DEFENDANTS TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

The Defendants oppose the Plaintiff's motion for reconsideration. The Plaintiff has failed to identify any errors of fact or law in the Court's August 13, 2008 ruling allowing the Defendants' motion for summary judgment and adopting the Magistrate's Report and Recommendations. Plaintiff's claims are governed by Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) ("LMRA"), and are preempted. Plaintiff now asks the Court to ignore the applicable law and adopt her inverted "through the looking glass" approach. There is simply no support for this, and thus the Plaintiff offers none.

---

[*] Defendant Donna Boggs was incorrectly identified in Defendants' Notice of Removal as Donna Briggs. Plaintiff has misspelled the names of defendants Mary Lou Meighan and Marion Doucette in her Complaints. The proper spelling is used herein, as is the caption contained in Plaintiff's First Amended (Consolidated) Complaint.

"Motions for reconsideration are entertained if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law." *Fagot Rodriguez v. Republic of Costa Rica*, 139 F. Supp. 2d 173, 179 (D. P.R. 2001); *FDIC v. World University, Inc.*, 978 F.2d 10, 16 (1st Cir. 1992). The Court enjoys substantial discretion in reviewing such a motion, and reconsideration of a judgment after its entry is "an extraordinary remedy to be employed sparingly." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). The Plaintiff's claims are defective on both substantive and procedural grounds, and there is no need for the Court to apply the extraordinary remedy the Plaintiff now seeks. None of the possible grounds for allowing a motion for reconsideration exists here. The motion is not necessary to correct manifest errors of law or fact upon which the judgment is based; the Plaintiff has no newly discovered or previously unavailable evidence; and there has been no intervening change in the controlling law. *Fagot Rodriguez*, 139 F. Supp. 2d at 179.

The Plaintiff's motion repeats the same arguments made in her opposition to the Defendants' motion for summary judgment. This is not sufficient grounds to allow a motion for reconsideration or to overturn the dismissal of her claims. *See Dale & Selby Superette & Deli v. Dep't of Agriculture*, 838 F. Supp. 1346, 1348 (D. Minn. 1993) (Rule 59(e) motion may not be used to relitigate old issues or to secure a rehearing on the merits). Plaintiff does not identify any new evidence or evidence that was previously unavailable. Her discussion of the same evidence as in her opposition brief falls far short of constituting sufficient grounds on which to base a motion for reconsideration. As with all of Plaintiff's claims, the claim against defendant Marion Doucette for tortious interference is preempted under Section 301. Plaintiff's "what if the circumstances were reversed" theory distorts both the facts and the law applicable to her claims, precisely because it ignores the fact that Ms. O'Donnell was a union member. As a union

2

member, she had certain rights and privileges under the collective bargaining agreement and Section 301 of the LMRA, which Marion Doucette does not have. Plaintiff cannot escape the workings of Section 301 by imagining different circumstances.

"It is not an abuse of discretion for a district court to deny a motion for reconsideration where the supporting evidence was 'neither new nor unavailable at the time the district court entered judgment.'" *Rivera v. Puerto Rico Aqueduct and Sewers Authority*, 331 F.3d 183, 193 (1st Cir. 2003) (quoting *Aybar v. Crispin-Reyes*, 118 F.3d 10, 15 (1st Cir. 1997)); *F.D.I.C. v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (denying motion to reconsider that merely expressed disagreement with findings of court and failed to demonstrate clear error of law or manifest injustice). Plaintiff has not identified legitimate grounds to reconsider the Court's ruling dismissing her claims under Rule 56, and her motion should be denied.

## **CONCLUSION**

For the above reasons, the Defendants respectfully request that the Court deny the Plaintiff's Motion for Reconsideration.

Respectfully submitted,

Defendants

DONNA BOGGS, MARIAN DOUCETTE, BRENDAN HALL, WILLIAM FRANCIS, MARY LOU MEGAN, and BOSTON GLOBE EMPLOYEES CREDIT UNION

By their attorneys,

*/s/ Elizabeth A. Houlding*
Harvey Weiner, BBO#519840
Elizabeth A. Houlding, BBO#645981
PEABODY & ARNOLD LLP
600 Atlantic Avenue
Boston, MA  02210
DATED this 2nd day of September, 2008.    (617) 951-2100

3

**CERTIFICATE OF SERVICE**

      I, Elizabeth A. Houlding, counsel for the defendants, do hereby certify, that on this 2nd day of September, 2008, I have served the *Opposition of Defendants to Plaintiff's Motion for Reconsideration*, by causing a copy thereof, to be sent electronically to the registered participants in this case, if any, as identified on the Notice of Electronic Filing (NEF) and paper copies mailed, first class mail, postage prepaid to any non registered participants in this case.

                                                    */s/ Elizabeth A. Houlding*
                                                    Elizabeth A. Houlding

688153_1
193-90324